UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Anvik Corporation,                                    )
                                                      )
                        Plaintiff,                    )
                                                      )     Civil Action No.
                v.                                    )     08 CV 4036 (SCR)(LMS)
                                                      )
IPS Alpha Technology, Ltd.,                           )
Toshiba Corporation,                                  )     **ECF Case**
Toshiba America, Inc.,                                )
Toshiba America Consumer Products, L.L.C.,            )     **JURY TRIAL**
Matsushita Electric Industrial Co., Ltd.,             )     **DEMANDED**
Panasonic Corporation of North America,               )
Hitachi, Ltd.,                                        )
Hitachi Displays, Ltd.,                               )
Hitachi America, Ltd., and                            )
Hitachi Electronic Devices USA, Inc.,                 )
                                                      )
                        Defendants-Counterclaimants,  )
------------------------------------------------------------------X


## ANSWER AND COUNTERCLAIMS OF MATSUSHITA AND PANASONIC

Defendants Matsushita Electric Industrial Co., Ltd. ("MEI"), and Panasonic Corporation

of North America ("PNA"), hereby answer the Complaint filed April 29, 2008 by Anvik

Corporation ("Anvik"), and further assert defenses and counterclaims as follows below.

MEI and PNA deny each and every allegation set forth in the Complaint, except for those

allegations expressly and specifically admitted below.  MEI and PNA further object to this

complaint as pleading numerous allegations contrary to Fed.R.Civ.P., Rule 8 ("[e]ach averment

of a pleading shall be simple, concise and direct"), and as being vague, unclear and/or

unintelligible.

With respect to each of the paragraphs of the Complaint, MEI and PNA further respond

as follows:

## SUMMARY OF THE CASE

1.   MEI and PNA deny they infringe Anvik's patents-in suit.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and therefore, deny those allegations.

2.   MEI and PNA deny they infringe Anvik's patents-in-suit.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint, and therefore, deny those allegations.

3.   MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore, deny those allegations.

4.   MEI and PNA deny they infringe Anvik's patents-in-suit.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and therefore, deny those allegations.

5.   MEI and PNA admit that U.S. Patent No. 4,924,257, on its face, issued on May 8, 1990.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore, deny those allegations.

6.   MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore, deny those allegations.

7.   MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore, deny those allegations.

8. MEI and PNA deny that they infringe Anvik's patents-in-suit. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore, deny those allegations.

## NATURE OF THE ACTION

9. MEI and PNA admit that this is an action brought by Anvik for alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* MEI and PNA deny the remaining allegations of paragraph 9 of the Complaint.

10. MEI and PNA admit that the patents-in-suit in this action relate generally to scanning microlithography systems and methods. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore, deny those allegations.

11. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore, deny those allegations.

12. MEI and PNA admit that the patents-in-suit, on their face, name Kanti Jain as an inventor. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and therefore, deny those allegations.

13. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore, deny those allegations.

14. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore, deny those allegations.

15. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore, deny those allegations.

16. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore, deny those allegations.

17. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore, deny those allegations.

18. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore, deny those allegations.

19. MEI and PNA deny they infringe Anvik's patents-in-suit.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint, and therefore, deny those allegations.

20. MEI and PNA deny they infringe Anvik's patents in suit.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint, and therefore, deny those allegations.

21. MEI and PNA deny they infringe Anvik's patents-in-suit. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and therefore, deny those allegations.

22. MEI and PNA deny the allegations of paragraph 22 of the Complaint.

23. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore, deny those allegations.

## THE PARTIES

24. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore, deny those allegations.

25. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore, deny those allegations.

26. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore, deny those allegations.

27. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore, deny those allegations.

28. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore, deny those allegations.

\\\NY - 032821/000001 - 1091991 v1

29. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore, deny those allegations.

30. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore, deny those allegations.

31. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore, deny those allegations.

32. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore, deny those allegations.

33. MEI and PNA admit the allegations of paragraph 33 of the Complaint.

34. MEI and PNA admit that PNA, a wholly owned subsidiary of MEI, is a Delaware corporation with its principal place of business in Secaucus, New Jersey.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint, and therefore, deny those allegations.

## JURISDICTION AND VENUE

35. MEI and PNA admit the allegations contained in paragraph 35 of the Complaint.

36. MEI and PNA admit that they have waived any objections to personal jurisdiction and venue in this judicial district.  MEI and PNA deny the remaining allegations of paragraph 36 of the Complaint.

\\NY - 032821/000001 - 1091991 v1

37. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore, deny those allegations.

38. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore, deny those allegations.

39. MEI and PNA admit that a joint press release by MEI, Hitachi, Ltd. and Toshiba Corporation included the statements set forth in paragraph 39 of the Complaint. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint, and therefore, deny those allegations.

40. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore, deny those allegations.

41. PNA admits it sells televisions containing IPS Alpha LCD panels in the United States, including in New York State. MEI and PNA deny they infringe Anvik's patents-in-suit. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint, and therefore, deny those allegations.

42. MEI and PNA admit that the allegations of paragraph 42 of the Complaint.

43. MEI and PNA admit that a joint press release by MEI, Canon Inc. and Hitachi, Ltd. included the statements set forth in paragraph 43 of the Complaint. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of the Complaint, and therefore, deny those allegations.

44. MEI and PNA admit the allegations of paragraph 44 of the Complaint.

45. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore, deny those allegations.

46. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore, deny those allegations.

47. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore, deny those allegations.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 4,924,257

48. In response to paragraph 48 of the Complaint, MEI and PNA repeat and re-allege their responses to paragraphs 1-47 as if fully set forth herein.

49. MEI and PNA admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  MEI and PNA deny the remaining allegations of paragraph 49 of the Complaint.

50. MEI and PNA admit that U.S. Patent No. 4,924,257, on its face, is entitled "Scan and Repeat High Resolution Projection Lithography System" and issued on May 8, 1990.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore, deny those allegations.

51. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore, deny those allegations.

\\NY - 032821/000001 - 1091991 v1

52. MEI and PNA deny the allegations contained in paragraph 52 of the Complaint.

53. MEI and PNA deny the allegations contained in paragraph 53 of the Complaint.

54. MEI and PNA deny the allegations contained in paragraph 54 of the Complaint.

55. MEI and PNA deny the allegations contained in paragraph 55 of the Complaint.

56. MEI and PNA deny the allegations contained in paragraph 56 of the Complaint.

57. MEI and PNA deny the allegations contained in paragraph 57 of the Complaint.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,285,236

58. In response to paragraph 58 of the Complaint, MEI and PNA repeat and re-allege their responses to paragraphs 1 – 57 of the Complaint as if fully set forth herein.

59. MEI and PNA admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* MEI and PNA deny the remaining allegations of paragraph 59 of the Complaint.

60. MEI and PNA admit that U.S. Patent No. 5,285,236, on its face, is entitled "Large-Area, High Throughput, High-Resolution Projection Imaging System" and issued on February 8, 1994. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60 of the Complaint, and therefore, deny those allegations.

61. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and therefore, deny those allegations.

62. MEI and PNA deny the allegations contained in paragraph 62 of the Complaint.

63. MEI and PNA deny the allegations contained in paragraph 63 of the Complaint.

64. MEI and PNA deny the allegations contained in paragraph 64 of the Complaint.

\\\NY - 032821/000001 - 1091991 v1

65. MEI and PNA deny the allegations contained in paragraph 65 of the Complaint.

66. MEI and PNA deny the allegations contained in paragraph 66 of the Complaint.

67. MEI and PNA deny the allegations contained in paragraph 67 of the Complaint.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,291,240

68. In response to paragraph 68 of the Complaint, MEI and PNA repeat and re-allege their responses to paragraphs 1 – 67 of the Complaint as if fully set forth herein.

69. MEI and PNA admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  MEI and PNA deny the remaining allegations of paragraph 69 of the Complaint.

70. MEI and PNA admit that U.S. Patent No. 5,291,240, on its face, is entitled "Nonlinearity-Compensated Large-Area Patterning System" and issued on March 1, 1994.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint, and therefore, deny those allegations.

71. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint, and therefore, deny those allegations.

72. MEI and PNA deny the allegations contained in paragraph 72 of the Complaint.

73. MEI and PNA deny the allegations contained in paragraph 73 of the Complaint.

74. MEI and PNA deny the allegations contained in paragraph 74 of the Complaint.

75. MEI and PNA deny the allegations contained in paragraph 75 of the Complaint.

76. MEI and PNA deny the allegations contained in paragraph 76 of the Complaint.

77. MEI and PNA deny the allegations contained in paragraph 77 of the Complaint.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,721,606

78. In response to paragraph 78 of the Complaint, MEI and PNA repeat and re-allege their responses to paragraphs 1 – 77 of the Complaint as if fully set forth herein.

79. MEI and PNA admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* MEI and PNA deny the remaining allegations of paragraph 79 of the Complaint.

80. MEI and PNA admit that U.S. Patent No. 5,721,606, on its face, is entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" and issued on February 24, 1998. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Complaint, and therefore, deny those allegations.

81. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint, and therefore, deny those allegations.

82. MEI and PNA deny the allegations contained in paragraph 82 of the Complaint.

83. MEI and PNA deny the allegations contained in paragraph 83 of the Complaint.

84. MEI and PNA deny the allegations contained in paragraph 84 of the Complaint.

85. MEI and PNA deny the allegations contained in paragraph 85 of the Complaint.

86. MEI and PNA deny the allegations contained in paragraph 86 of the Complaint.

87. MEI and PNA deny the allegations contained in paragraph 87 of the Complaint.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,897,986

88. In response to paragraph 88 of the Complaint, MEI and PNA repeat and re-allege their responses to paragraphs 1 – 87 of the Complaint as if fully set forth herein.

\\\NY - 032821/000001 - 1091991 v1

89. MEI and PNA admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  MEI and PNA deny the remaining allegations of paragraph 89 of the Complaint.

90. MEI and PNA admit that U.S. Patent No. 5,897,986, on its face, is entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" and issued on April 27, 1999.  MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 of the Complaint, and therefore, deny those allegations.

91. MEI and PNA deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint, and therefore, deny those allegations.

92. MEI and PNA deny the allegations contained in paragraph 92 of the Complaint.

93. MEI and PNA deny the allegations contained in paragraph 93 of the Complaint.

94. MEI and PNA deny the allegations contained in paragraph 94 of the Complaint.

95. MEI and PNA deny the allegations contained in paragraph 95 of the Complaint.

96. MEI and PNA deny the allegations contained in paragraph 96 of the Complaint.

97. MEI and PNA deny the allegations contained in paragraph 97 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

98. The Complaint fails to state a claim against MEI and PNA upon which relief may be granted.

12

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability)

99. On information and belief, U.S. Patent 4,924,257 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

100.    On information and belief, U.S. Patent 5,285,236 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

101.    On information and belief, U.S. Patent 5,291,240 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

102.    On information and belief, U.S. Patent 5,721,606  is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

103.    On information and belief, U.S. Patent 5,897,986 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

## THIRD AFFIRMATIVE DEFENSE

### (Noninfringement)

104.    MEI and PNA have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 4,924,257.

105.    MEI and PNA have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

106.    MEI and PNA have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

107.    MEI and PNA have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

108.    MEI and PNA have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

109.    On information and belief, Anvik's claims are limited pursuant to 35 U.S.C. §§ 286 and 287.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, Acquiescence and/or Unclean Hands)

110.    On information and belief, Anvik, through its conduct, statements, and/or misleading silence, represented to MEI and PNA that their businesses would be unmolested by claims of patent infringement by Anvik, and that in reliance on Anvik's representation and/or omissions, MEI and PNA continued their operations and expanded their businesses.

\\NY - 032821/000001 - 1091991 v1

111.    Because of MEI and PNA' reliance on Anvik's representations and/or omissions, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of estoppel.

112.    On information and belief, Anvik's claims are additionally barred, in whole or in part, by the doctrines of waiver, acquiescence, unclean hands and/or other equitable principles.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

113.    On information and belief, Anvik delayed filing this suit for an unreasonable and inexcusable period of time from the time that Anvik knew or reasonably should have known of its claim(s) against MEI and PNA.

114.    On information and belief, Anvik's delay in filing this suit operated to the prejudice and/or injury of MEI and PNA.

115.    On information and belief, in evaluating all particular facts and circumstances, and weighing the equities of the parties, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of laches.

## COUNTERCLAIMS AGAINST ANVIK

MEI and PNA, by their undersigned attorneys, as and for their Counterclaims against Anvik, state as follows:

## JURISDICTION AND VENUE

116.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

117.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201 (a).

\\\NY - 032821/000001 - 1091991 v1

118.    On information and belief based upon the assertions contained in paragraph 24 of the Complaint, this Court has personal jurisdiction over Anvik based on Anvik's residence in the State of New York and Anvik's voluntary availing of itself of a court located in this State.

119.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. § 1400 (b).

## PARTIES

120.    MEI is a Japanese corporation headquartered in Kadoma, Osaka Prefecture, Japan.

121.    PNA, a wholly owned subsidiary of MEI, is a Delaware corporation with its principal place of business in Secaucus, New Jersey.

122.    On information and belief based on the assertions contained in paragraph 24 of the Complaint, Anvik is a New York corporation with its principal place of business in Hawthorne, New York.  On information and belief based on the assertions contained in paragraph 11 of the Complaint, Anvik is the owner of the patents-in-suit.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

123.    U.S. Patent 4,934,257, entitled "Scan and Repeat High Resolution Projection Lithography System" appears, on its face, to have been issued on May 8, 1990.

124.    U.S. Patent 5,285,236 entitled "Large-Area, High Throughput, High Resolution Projection Imaging System" appears, on its face, to have been issued on February 8, 1994.

125.    U.S. Patent 5,291,240 entitled "Nonlinearity-Compensated Large-Area Patterning System" appears, on its face, to have been issued on March 1, 1994.

16

126.    U.S. Patent 5,721,606 entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" appears, on its face, to have been issued on February 24, 1998.

127.    U.S. Patent 5,897,986 entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" appears, on its face, to have been issued on April 27, 1999.

128.    Anvik claims to be the present assignee of all rights, title, and interest to U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986.

129.    Anvik has brought a lawsuit against MEI and PNA in this judicial district alleging infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986

130.    There exists a justiciable controversy between Anvik and MEI and PNA concerning the validity, enforceability and/or infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986 as set forth in the Complaint and in MEI and PNA's Answer thereto set forth herein.

## FIRST CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Noninfringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

131.    MEI and PNA repeat and re-allege the allegations contained in paragraphs 118-135 of their Counterclaims against Anvik as if fully set forth herein.

132.   MEI and PNA are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of the U.S. Patent 4,924,257.

133.   MEI and PNA are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

134.   MEI and PNA are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

135.   MEI and PNA are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

136.   MEI and PNA are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

\\NY - 032821/000001 - 1091991 v1

## SECOND CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

137.   MEI and PNA repeat and re-allege the allegations contained in paragraphs 118-135 of their Counterclaims against Anvik as if fully set forth herein.

138.   MEI and PNA are entitled to a declaratory judgment that the claims of U.S. Patent 4,924,257 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

139.   MEI and PNA are entitled to a declaratory judgment that the claims of U.S. patent 5,285,236 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

140.   MEI and PNA are entitled to a declaratory judgment that the claims of U.S. Patent 5,291,240 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

141.   MEI and PNA are entitled to a declaratory judgment that the claims of U.S. Patent 5,721,606 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

142.   MEI and PNA are entitled to a declaratory judgment that the claims of U.S. Patent 5,897,986 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

\\\NY - 032821/000001 - 1091991 v1

**PRAYER FOR RELIEF**

WHEREFORE, MEI and PNA pray for judgment and relief against Anvik as follows:

A.      Dismissing with prejudice Anvik's Count I For Patent Infringement by MEI and PNA of U.S. Patent 4,924,257 pursuant to 35 U.S.C. § 271 et seq.;

B.      Dismissing with prejudice Anvik's Count II For Patent Infringement by MEI and PNA of U.S. Patent 5,285,236 pursuant to 35 U.S.C. § 271 et seq.;

C.      Dismissing with prejudice Anvik's Count III For Patent Infringement by MEI and PNA of U.S. Patent 5,291,240 pursuant to 35 U.S.C. § 271 et seq.;

D.      Dismissing with prejudice Anvik's Count IV For Patent Infringement by MEI and PNA of U.S. Patent 5,721,606 pursuant to 35 U.S.C. § 271 et seq.;

E.      Dismissing with prejudice Anvik's Count V For Patent Infringement by MEI and PNA of U.S. Patent 5,897,986 pursuant to 35 U.S.C. § 271 et seq.;

F.      Declaring that MEI and PNA have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 4,924,257;

G.      Declaring that MEI and PNA have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,285,236;

H.      Declaring that MEI and PNA have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,291,240;

I.      Declaring that MEI and PNA have not infringed, contributed to the infringement of, or induced others to infringe any claim of  U.S. Patent 5,721,606;

J.      Declaring that MEI and PNA have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,897,986;

\\\NY - 032821/000001 - 1091991 v1

K.    Declaring that U.S. Patent 4,924,257 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 2,924,257 against MEI and PNA;

L.    Declaring that U.S. Patent 5,285,236 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,285,236 against MEI and PNA;

M.    Declaring that U.S. Patent 5,291,240 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,291,240 against MEI and PNA;

N.    Declaring that U.S. Patent 5,721,606 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,721,606 against MEI and PNA;

O.    Declaring that U.S. Patent 5,897,986 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,897,986 against MEI and PNA;

P.    Order Anvik to pay MEI and PNA's costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

Q.    Grant MEI and PNA such other or further relief as this Court may deem just and proper.

## JURY DEMAND

MEI and PNA hereby demand trial by jury of all issues in this case so triable.

Dated: July 31, 2008

                                   s/Eric J. Lobenfeld
By: Eric J. Lobenfeld
     Ira J. Schaefer
     Scott A. Clark
**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, NY 10022
(212) 918-3000

Philippe Y. Riesen
Takashi Hashimoto
**HOGAN & HARTSON L.L.P.**
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-4070

**Attorneys for Defendants**
**Matsushita Electric Industrial Co., Ltd.**
**Panasonic Corporation of North America**

\\\NY - 032821/000001 - 1091991 v1