UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Anvik Corporation,                           )
                                             )
          Plaintiff,                         )
                                             )          Civil Action No.
          v.                                 )          08 CV 4036 (SCR)(LMS)
                                             )
IPS Alpha Technology, Ltd.,                  )
Toshiba Corporation,                         )          **ECF Case**
Toshiba America, Inc.,                       )
Toshiba America Consumer Products, L.L.C.,   )          **JURY TRIAL**
Matsushita Electric Industrial Co., Ltd.,    )          **DEMANDED**
Panasonic Corporation of North America,      )
Hitachi, Ltd.,                               )
Hitachi Displays, Ltd.,                      )
Hitachi America, Ltd., and                   )
Hitachi Electronic Devices USA, Inc.,        )
                                             )
          Defendants-Counterclaimants,       )

------------------------------------------------------------------X

## **ANSWER AND COUNTERCLAIMS OF IPS ALPHA TECHNOLOGY, LTD.**

Defendant IPS Alpha Technology, Ltd. ("IPS Alpha"), hereby answers the Complaint

filed April 29, 2008 by Anvik Corporation ("Anvik"), and further asserts defenses and

counterclaims as follows below.

IPS Alpha denies each and every allegation set forth in the Complaint, except for those

allegations expressly and specifically admitted below. IPS Alpha further objects to this

complaint as pleading numerous allegations contrary to Fed.R.Civ.P., Rule 8 ("[e]ach averment

of a pleading shall be simple, concise and direct"), and as being vague, unclear and/or

unintelligible.

With respect to each of the paragraphs of the Complaint, IPS Alpha further responds as

follows:

## SUMMARY OF THE CASE

1.   IPS Alpha denies that it infringes Anvik's patents-in suit.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and therefore, denies those allegations.

2.   IPS Alpha denies that it infringes Anvik's patents-in-suit.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint, and therefore, denies those allegations.

3.   IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore, denies those allegations.

4.   IPS Alpha denies that it infringes Anvik's patents-in-suit.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and therefore, denies those allegations.

5.   IPS Alpha admits that U.S. Patent No. 4,924,257, on its face, issued on May 8, 1990.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore, denies those allegations.

6.   IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore, denies those allegations.

7.   IPS Alpha admits that it has purchased machines used in the manufacture of LCD panels from Nikon.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and therefore, denies those allegations.

8.   IPS Alpha denies that it infringes Anvik's patents-in-suit.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore, denies those allegations.

## NATURE OF THE ACTION

9.     IPS Alpha admits that this is an action brought by Anvik for alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  IPS Alpha denies the remaining allegations of paragraph 9 of the Complaint.

10. IPS Alpha admits that the patents-in-suit in this action relate generally to scanning microlithography systems and methods.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore, denies those allegations.

11. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore, denies those allegations.

12. IPS Alpha admits that the patents-in-suit, on their face, name Kanti Jain as an inventor.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and therefore, denies those allegations.

13. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore, denies those allegations.

14. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore, denies those allegations.

15. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore, denies those allegations.

16. IPS Alpha admits that it sells LCD panels under the brand name "IPSα panels" and that Nikon machines are used in the production of some of these products. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint, and therefore, denies those allegations.

17. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore, denies those allegations.

18. IPS Alpha admits that it has sold LCD panels to Toshiba Corporation, Matsushita Electric Industrial Co., Ltd. and Hitachi, Ltd. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint, and therefore, denies those allegations.

19. IPS Alpha admits that it has used Nikon FX-Series machines in the production of some of its products. IPS Alpha denies the remaining allegations of paragraph 19 of the Complaint.

20. IPS Alpha denies that it infringes Anvik's patents-in-suit. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint, and therefore, denies those allegations.

21. IPS Alpha denies that it infringes Anvik's patents-in-suit. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining  allegations of paragraph 21 of the Complaint, and therefore, denies those allegations.

22. IPS Alpha denies the allegations of paragraph 22 of the Complaint.

23. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore, denies those allegations.

## THE PARTIES

24.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore, denies those allegations.

25. IPS Alpha admits the allegations of paragraph 25 of the Complaint.

26. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore, denies those allegations.

27. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore, denies those allegations.

28. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore, denies those allegations.

29. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore, denies those allegations.

30. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore, denies those allegations.

31. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore, denies those allegations.

32. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore, denies those allegations.

33. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore, denies those allegations.

34. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore, denies those allegations.

## JURISDICTION AND VENUE

35. IPS Alpha admits the allegations contained in paragraph 35 of the Complaint.

36. IPS Alpha admits that is has waived any objections to personal jurisdiction and venue in this judicial district. IPS Alpha denies the remaining allegations of paragraph 36 of the Complaint.

37. IPS Alpha admits that it manufactures LCD panels in Japan. IPS Alpha denies that it infringes Anvik's patents-in-suit. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint, and therefore, denies those allegations.

38. IPS Alpha admits that it has periodically released press releases. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Complaint, and therefore, denies those allegations.

39. IPS Alpha admits that it has periodically released press releases. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint, and therefore, denies those allegations.

40. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore, denies those allegations.

41. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore, denies those allegations.

42. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore, denies those allegations.

43. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore, denies those allegations.

44. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore, denies those allegations.

45. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore, denies those allegations.

46. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore, denies those allegations.

47. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore, denies those allegations.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 4,924,257

48. In response to paragraph 48 of the Complaint, IPS Alpha repeats and re-alleges its responses to paragraphs 1-47 as if fully set forth herein.

49. IPS Alpha admits that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* IPS Alpha denies the remaining allegations of paragraph 49 of the Complaint.

50. IPS Alpha admits that U.S. Patent No. 4,924,257, on its face, is entitled "Scan and Repeat High Resolution Projection Lithography System" and issued on May 8, 1990. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore, denies those allegations.

51. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore, denies those allegations.

52. IPS Alpha denies the allegations contained in paragraph 52 of the Complaint.

53. IPS Alpha denies the allegations contained in paragraph 53 of the Complaint.

54. IPS Alpha denies the allegations contained in paragraph 54 of the Complaint.

55. IPS Alpha denies the allegations contained in paragraph 55 of the Complaint.

56. IPS Alpha denies the allegations contained in paragraph 56 of the Complaint.

57. IPS Alpha denies the allegations contained in paragraph 57 of the Complaint.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,285,236

58. In response to paragraph 58 of the Complaint, IPS Alpha repeats and re-alleges its responses to paragraphs 1 – 57 of the Complaint as if fully set forth herein.

59. IPS Alpha admits that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* IPS Alpha denies the remaining allegations of paragraph 59 of the Complaint.

60. IPS Alpha admits that U.S. Patent No. 5,285,236, on its face, is entitled "Large-Area, High Throughput, High-Resolution Projection Imaging System" and issued on February 8, 1994. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60 of the Complaint, and therefore, denies those allegations.

61. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and therefore, denies those allegations.

62. IPS Alpha denies the allegations contained in paragraph 62 of the Complaint.

63. IPS Alpha denies the allegations contained in paragraph 63 of the Complaint.

64. IPS Alpha denies the allegations contained in paragraph 64 of the Complaint.

65. IPS Alpha denies the allegations contained in paragraph 65 of the Complaint.

66. IPS Alpha denies the allegations contained in paragraph 66 of the Complaint.

67. IPS Alpha denies the allegations contained in paragraph 67 of the Complaint.

## <u>COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,291,240</u>

68. In response to paragraph 68 of the Complaint, IPS Alpha repeats and re-alleges its responses to paragraphs 1 – 67 of the Complaint as if fully set forth herein.

69. IPS Alpha admits that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* IPS Alpha denies the remaining allegations of paragraph 69 of the Complaint.

70. IPS Alpha admits that U.S. Patent No. 5,291,240, on its face, is entitled "Nonlinearity-Compensated Large-Area Patterning System" and issued on March 1, 1994. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint, and therefore, denies those allegations.

71. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint, and therefore, denies those allegations.

72. IPS Alpha denies the allegations contained in paragraph 72 of the Complaint.

73. IPS Alpha denies the allegations contained in paragraph 73 of the Complaint.

74. IPS Alpha denies the allegations contained in paragraph 74 of the Complaint.

75. IPS Alpha denies the allegations contained in paragraph 75 of the Complaint.

76. IPS Alpha denies the allegations contained in paragraph 76 of the Complaint.

77. IPS Alpha denies the allegations contained in paragraph 77 of the Complaint.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,721,606

78. In response to paragraph 78 of the Complaint, IPS Alpha repeats and re-alleges its responses to paragraphs 1 – 77 of the Complaint as if fully set forth herein.

79. IPS Alpha admits that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* IPS Alpha denies the remaining allegations of paragraph 79 of the Complaint.

80. IPS Alpha admits that U.S. Patent No. 5,721,606, on its face, is entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" and issued on February 24, 1998.  IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Complaint, and therefore, denies those allegations.

81. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint, and therefore, denies those allegations.

82. IPS Alpha denies the allegations contained in paragraph 82 of the Complaint.

83. IPS Alpha denies the allegations contained in paragraph 83 of the Complaint.

84. IPS Alpha denies the allegations contained in paragraph 84 of the Complaint.

85. IPS Alpha denies the allegations contained in paragraph 85 of the Complaint.

86. IPS Alpha denies the allegations contained in paragraph 86 of the Complaint.

87. IPS Alpha denies the allegations contained in paragraph 87 of the Complaint.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,897,986

88. In response to paragraph 88 of the Complaint, IPS Alpha repeats and re-alleges its responses to paragraphs 1 – 87 of the Complaint as if fully set forth herein.

89. IPS Alpha admits that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  IPS Alpha denies the remaining allegations of paragraph 89 of the Complaint.

90. IPS Alpha admits that U.S. Patent No. 5,897,986, on its face, is entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" and issued on April 27, 1999. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 of the Complaint, and therefore, denies those allegations.

91. IPS Alpha denies, or lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint, and therefore, denies those allegations.

92. IPS Alpha denies the allegations contained in paragraph 92 of the Complaint.

93. IPS Alpha denies the allegations contained in paragraph 93 of the Complaint.

94. IPS Alpha denies the allegations contained in paragraph 94 of the Complaint.

95. IPS Alpha denies the allegations contained in paragraph 95 of the Complaint.

96. IPS Alpha denies the allegations contained in paragraph 96 of the Complaint.

97. IPS Alpha denies the allegations contained in paragraph 97 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

98. The Complaint fails to state a claim against IPS Alpha upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability)

99. On information and belief, U.S. Patent 4,924,257 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

100.    On information and belief, U.S. Patent 5,285,236 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

101.    On information and belief, U.S. Patent 5,291,240 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

102.    On information and belief, U.S. Patent 5,721,606  is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

103.    On information and belief, U.S. Patent 5,897,986 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

## THIRD AFFIRMATIVE DEFENSE

### (Noninfringement)

104.    IPS Alpha has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 4,924,257.

105.    IPS Alpha has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

106.    IPS Alpha has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

107.    IPS Alpha has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

108.    IPS Alpha has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

109.    On information and belief, Anvik's claims are limited pursuant to 35 U.S.C. §§ 286 and 287.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, Acquiescence and/or Unclean Hands)

110.    On information and belief, Anvik, through its conduct, statements, and/or misleading silence, represented to IPS Alpha that its businesses would be unmolested by claims of patent infringement by Anvik, and that in reliance on Anvik's representation and/or omissions, IPS Alpha continued its operations and expanded its businesses.

111.    Because of IPS Alpha's reliance on Anvik's representations and/or omissions, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of estoppel.

112.    On information and belief, Anvik's claims are additionally barred, in whole or in part, by the doctrines of waiver, acquiescence, unclean hands and/or other equitable principles.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

113.    On information and belief, Anvik delayed filing this suit for an unreasonable and inexcusable period of time from the time that Anvik knew or reasonably should have known its claim(s) against IPS Alpha.

114.    On information and belief, Anvik's delay in filing this suit operated to the prejudice and/or injury of IPS Alpha.

115.    On information and belief, in evaluating all particular facts and circumstances, and weighing the equities of the parties, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of laches.

## COUNTERCLAIMS AGAINST ANVIK

IPS Alpha, by their undersigned attorneys, as and for their Counterclaims against Anvik, state as follows:

## JURISDICTION AND VENUE

116.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

117.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201 (a).

118.    On information and belief based upon the assertions contained in paragraph 24 of the Complaint, this Court has personal jurisdiction over Anvik based on Anvik's residence in the State of New York and Anvik's voluntary availing of itself of a court located in this State.

119.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. § 1400 (b).

## PARTIES

120.    IPS Alpha Ltd. is a Japanese corporation headquartered Mobara City, Chiba Prefecture, Japan.

121.    On information and belief based on the assertions contained in paragraph 24 of the Complaint, Anvik is a New York corporation with its principal place of business in Hawthorne, New York.  On information and belief based on the assertions contained in paragraph 11 of the Complaint, Anvik is the owner of the patents-in-suit.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

122.    U.S. Patent 4,934,257, entitled "Scan and Repeat High Resolution Projection Lithography System" appears, on its face, to have been issued on May 8, 1990.

123.    U.S. Patent 5,285,236 entitled "Large-Area, High Throughput, High Resolution Projection Imaging System" appears, on its face, to have been issued on February 8, 1994.

124.    U.S. Patent 5,291,240 entitled "Nonlinearity-Compensated Large-Area Patterning System" appears, on its face, to have been issued on March 1, 1994.

125.    U.S. Patent 5,721,606 entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" appears, on its face, to have been issued on February 24, 1998.

126.    U.S. Patent 5,897,986 entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" appears, on its face, to have been issued on April 27, 1999.

127.    Anvik claims to be the present assignee of all rights, title, and interest to U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986.

128.    Anvik has brought a lawsuit against IPS Alpha in this judicial district alleging infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986

129.    There exists a justiciable controversy between Anvik and IPS Alpha concerning the validity, enforceability and/or infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986 as set forth in the Complaint and in IPS Alpha's Answer thereto set forth herein.

## FIRST CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Noninfringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

130.    IPS Alpha repeats and re-alleges the allegations contained in paragraphs 118-135 of its Counterclaims against Anvik as if fully set forth herein.

131.    IPS Alpha is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the U.S. Patent 4,924,257.

132.    IPS Alpha is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

133.    IPS Alpha is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

134.    IPS Alpha is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

135.    IPS Alpha is entitled to a declaratory judgment that they it has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

## SECOND CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

136.    IPS Alpha repeats and re-alleges the allegations contained in paragraphs 118-135 of its Counterclaims against Anvik as if fully set forth herein.

137.    IPS Alpha is entitled to a declaratory judgment that the claims of U.S. Patent 4,924,257 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

138.    IPS Alpha is entitled to a declaratory judgment that the claims of U.S. patent 5,285,236 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

139.    IPS Alpha is entitled to a declaratory judgment that the claims of U.S. Patent 5,291,240 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

140.    IPS Alpha is entitled to a declaratory judgment that the claims of U.S. Patent 5,721,606 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

141.    IPS Alpha is entitled to a declaratory judgment that the claims of U.S. Patent 5,897,986 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

## **PRAYER FOR RELIEF**

WHEREFORE, IPS Alpha prays for judgment and relief against Anvik as follows:

A.      Dismissing with prejudice Anvik's Count I For Patent Infringement by IPS Alpha of U.S. Patent 4,924,257 pursuant to 35 U.S.C. § 271 et seq.;

B.      Dismissing with prejudice Anvik's Count II For Patent Infringement by IPS Alpha of U.S. Patent 5,285,236 pursuant to 35 U.S.C. § 271 et seq.;

C.      Dismissing with prejudice Anvik's Count III For Patent Infringement by IPS Alpha of U.S. Patent 5,291,240 pursuant to 35 U.S.C. § 271 et seq.;

D.      Dismissing with prejudice Anvik's Count IV For Patent Infringement by IPS Alpha of U.S. Patent 5,721,606 pursuant to 35 U.S.C. § 271 et seq.;

E.      Dismissing with prejudice Anvik's Count V For Patent Infringement by IPS Alpha of U.S. Patent 5,897,986 pursuant to 35 U.S.C. § 271 et seq.;

F.      Declaring that IPS Alpha has not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 4,924,257;

G.      Declaring that IPS Alpha has not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,285,236;

H.      Declaring that IPS Alpha has not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,291,240;

I.      Declaring that IPS Alpha has not infringed, contributed to the infringement of, or induced others to infringe any claim of  U.S. Patent 5,721,606;

J.      Declaring that IPS Alpha has not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,897,986;

K.      Declaring that U.S. Patent 4,924,257 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 2,924,257 against IPS Alpha;

L.      Declaring that U.S. Patent 5,285,236 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,285,236 against IPS Alpha;

M.      Declaring that U.S. Patent 5,291,240 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,291,240 against IPS Alpha;

N.      Declaring that U.S. Patent 5,721,606 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,721,606 against IPS Alpha;

O.      Declaring that U.S. Patent 5,897,986 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,897,986 against IPS Alpha;

P.      Order Anvik to pay IPS Alpha's costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

Q.      Grant IPS Alpha such other or further relief as this Court may deem just and proper.

## JURY DEMAND

IPS Alpha hereby demands trial by jury of all issues in this case so triable.

Dated: July 31, 2008

                                    s/Eric J. Lobenfeld
                            By: Eric J. Lobenfeld
                                Ira J. Schaefer
                                Scott A. Clark
                                **HOGAN & HARTSON L.L.P.**
                                875 Third Avenue
                                New York, NY 10022
                                (212) 918-3000


                                Philippe Y. Riesen
                                Takashi Hashimoto
                                **HOGAN & HARTSON L.L.P.**
                                Shinjuku Center Building, 46th Floor
                                25-1 Nishi-Shinjuku 1-chome
                                Shinjuku, Tokyo 163-0646
                                Japan
                                (81) 3-5908-4070


                                **Attorneys for Defendant**
                                **IPS Alpha Technology, Ltd.**