UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Anvik Corporation,

        Plaintiff,

        v.

IPS Alpha Technology, Ltd.,
Toshiba Corporation,
Toshiba America, Inc.,
Toshiba America Consumer Products, L.L.C.,
Matsushita Electric Industrial Co., Ltd.,
Panasonic Corporation of North America,
Hitachi, Ltd.,
Hitachi Displays, Ltd.,
Hitachi America, Ltd., and
Hitachi Electronic Devices USA, Inc.,

        Defendants-Counterclaimants,

------------------------------------------------------------------X

Civil Action No.
08 CV 4036 (SCR)(LMS)

**ECF Case**

**JURY TRIAL
DEMANDED**

## ANSWER AND COUNTERCLAIMS OF THE HITACHI DEFENDANTS

        Defendants Hitachi, Ltd. ("Hitachi"), Hitachi Displays, Ltd. ("Hitachi Displays"), Hitachi

America, Ltd. ("Hitachi America"), and Hitachi Electronic Devices USA, Inc. ("Hitachi

Electronic"), (collectively, "The Hitachi Defendants"), hereby answer the Complaint filed April

29, 2008 by Anvik Corporation ("Anvik"), and further assert defenses and counterclaims as

follows below.

        The Hitachi Defendants deny each and every allegation set forth in the Complaint, except

for those allegations expressly and specifically admitted below. The Hitachi Defendants further

object to this complaint as pleading numerous allegations contrary to Fed.R.Civ.P., Rule 8

("[e]ach averment of a pleading shall be simple, concise and direct"), and as being vague,

unclear and/or unintelligible.

With respect to each of the paragraphs of the Complaint, the Hitachi Defendants further respond as follows:

## SUMMARY OF THE CASE

1. The Hitachi Defendants deny they infringe Anvik patents-in suit. The Hitachi Defendants deny or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and therefore, deny those allegations.

2. The Hitachi Defendants deny they infringe Anvik patents-in-suit. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint, and therefore, deny those allegations.

3. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore, deny those allegations.

4. The Hitachi Defendants deny they infringe Anvik patents-in-suit. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and therefore, deny those allegations.

5. The Hitachi Defendants admit that U.S. Patent No. 4,924,257, on its face, issued on May 8, 1990. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore, deny those allegations.

6. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore, deny those allegations.

7. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore, deny those allegations.

8. The Hitachi Defendants deny that they infringe Anvik patents-in-suit. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore, deny those allegations.

## NATURE OF THE ACTION

9.    The Hitachi Defendants admit that this is an action brought by Anvik for alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* The Hitachi Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.    The Hitachi Defendants admit that the patents-in-suit in this action relate generally to scanning microlithography systems and methods. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore, deny those allegations.

11.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore, deny those allegations.

12.    The Hitachi Defendants admit that the patents-in-suit, on their face, name Kanti Jain as an inventor. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and therefore, deny those allegations.

13.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore, deny those allegations.

14.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore, deny those allegations.

15.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore, deny those allegations.

16.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore, deny those allegations.

17.    The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore, deny those allegations.

18.    The Hitachi Defendants admit that Hitachi, Ltd. has purchased LCD panels from IPS Alpha.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint, and therefore, deny those allegations.

19.    The Hitachi Defendants deny they infringe Anvik's patents-in-suit.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint, and therefore, deny those allegations.

20.     The Hitachi Defendants deny they infringe Anvik's patents in suit.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint, and therefore, deny those allegations.

21.     Hitachi, Ltd. admits that it purchases LCD panels from LG Phillips.  The Hitachi Defendants deny they infringe Anvik's patents-in-suit.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and therefore, deny those allegations.

22.     The Hitachi Defendants deny the allegations of paragraph 22 of the Complaint.

23.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore, deny those allegations.

**<u>THE PARTIES</u>**

24.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore, deny those allegations.

25.     The Hitachi Defendants admit the allegations of paragraph 25 of the Complaint.

26.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore, deny those allegations.

27.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore, deny those allegations.

28.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore, deny those allegations.

29.     The Hitachi Defendants admit the allegations of paragraph 29 of the Complaint.

30.     The Hitachi Defendants admit that Hitachi Displays is a Japanese corporation with offices in Mobara City, Chiba Prefecture, Japan.  The Hitachi Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31.     The Hitachi Defendants admit that Hitachi America, Ltd. is a wholly owned subsidiary of Hitachi, Ltd. and  has offices in New York State.  The Hitachi Defendants deny the remaining allegations of paragraph 31 of the Complaint.

32.     The Hitachi Defendants admit that Hitachi Electronic Devices USA is responsible for North and South American sales of liquid crystal display panels produced by Hitachi Displays.  The Hitachi Defendants deny the remaining allegations of paragraph 32 of the Complaint.

33.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore, deny those allegations.

34.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore, deny those allegations.

### JURISDICTION AND VENUE

35.     The Hitachi Defendants admit the allegations contained in paragraph 35 of the Complaint.

6

36.     The Hitachi Defendants admit that they have waived any objections to personal jurisdiction and venue in this judicial district.  The Hitachi Defendants deny the remaining allegations of paragraph 36 of the Complaint.

37.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore, deny those allegations.

38.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore, deny those allegations.

39.     The Hitachi Defendants admit the allegations of paragraph 39 of the Complaint.

40.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore, deny those allegations.

41.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore, deny those allegations.

42.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore, deny those allegations.

43.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore, deny those allegations.

\\\NY - 032599/000001 - 1092010 v1

44.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore, deny those allegations.

45.     The Hitachi Defendants deny the allegations of paragraph 45 of the Complaint.

46.     The Hitachi Defendants admit the allegations of paragraph 46 of the Complaint.

47.     The Hitachi Defendants admit the allegations of paragraph 47 of the Complaint.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 4,924,257

48.     In response to paragraph 48 of the Complaint, The Hitachi Defendants repeat and re-allege their responses to paragraphs 1-47 as if fully set forth herein.

49.     The Hitachi Defendants admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  The Hitachi Defendants deny the remaining allegations of paragraph 49 of the Complaint.

50.     The Hitachi Defendants admit that U.S. Patent No. 4,924,257, on its face, is entitled "Scan and Repeat High Resolution Projection Lithography System" and issued on May 8, 1990.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore, deny those allegations.

51.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore, deny those allegations.

52.     The Hitachi Defendants deny the allegations contained in paragraph 52 of the Complaint.

\\\NY - 032599/000001 - 1092010 v1

53.     The Hitachi Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     The Hitachi Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     The Hitachi Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     The Hitachi Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     The Hitachi Defendants deny the allegations contained in paragraph 57 of the Complaint.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,285,236

58.     In response to paragraph 58 of the Complaint, The Hitachi Defendants repeat and re-allege their responses to paragraphs 1 – 57 of the Complaint as if fully set forth herein.

59.     The Hitachi Defendants admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* The Hitachi Defendants deny the remaining allegations of paragraph 59 of the Complaint.

60.     The Hitachi Defendants admit that U.S. Patent No. 5,285,236, on its face, is entitled "Large-Area, High Throughput, High-Resolution Projection Imaging System" and issued on February 8, 1994. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60 of the Complaint, and therefore, deny those allegations.

61.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and therefore, deny those allegations.

62.     The Hitachi Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     The Hitachi Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     The Hitachi Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     The Hitachi Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     The Hitachi Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     The Hitachi Defendants deny the allegations contained in paragraph 67 of the Complaint.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,291,240

68.     In response to paragraph 68 of the Complaint, The Hitachi Defendants repeat and re-allege their responses to paragraphs 1 – 67 of the Complaint as if fully set forth herein.

69.     The Hitachi Defendants admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  The Hitachi Defendants deny the remaining allegations of paragraph 69 of the Complaint.

\\\NY - 032599/000001 - 1092010 v1

70.     The Hitachi Defendants admit that U.S. Patent No. 5,291,240, on its face, is entitled "Nonlinearity-Compensated Large-Area Patterning System" and issued on March 1, 1994. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint, and therefore, deny those allegations.

71.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint, and therefore, deny those allegations.

72.     The Hitachi Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     The Hitachi Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     The Hitachi Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     The Hitachi Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     The Hitachi Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     The Hitachi Defendants deny the allegations contained in paragraph 77 of the Complaint.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,721,606

78.     In response to paragraph 78 of the Complaint, The Hitachi Defendants repeat and re-allege their responses to paragraphs 1 – 77 of the Complaint as if fully set forth herein.

79.     The Hitachi Defendants admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  The Hitachi Defendants deny the remaining allegations of paragraph 79 of the Complaint.

80.     The Hitachi Defendants admit that U.S. Patent No. 5,721,606, on its face, is entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" and issued on February 24, 1998.  The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Complaint, and therefore, deny those allegations.

81.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint, and therefore, deny those allegations.

82.     The Hitachi Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     The Hitachi Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     The Hitachi Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     The Hitachi Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     The Hitachi Defendants deny the allegations contained in paragraph 86 of the Complaint.

\\\NY - 032599/000001 - 1092010 v1

87.     The Hitachi Defendants deny the allegations contained in paragraph 87 of the Complaint.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,897,986

88.     In response to paragraph 88 of the Complaint, The Hitachi Defendants repeat and re-allege their responses to paragraphs 1 – 87 of the Complaint as if fully set forth herein.

89.     The Hitachi Defendant admit that Anvik purports to bring a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* The Hitachi Defendants deny the remaining allegations of paragraph 89 of the Complaint.

90.     The Hitachi Defendants admit that U.S. Patent No. 5,897,986, on its face, is entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" and issued on April 27, 1999. The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 of the Complaint, and therefore, deny those allegations.

91.     The Hitachi Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint, and therefore, deny those allegations.

92.     The Hitachi Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     The Hitachi Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     The Hitachi Defendants deny the allegations contained in paragraph 94 of the Complaint.

\\\\NY - 032599/000001 - 1092010 v1

95.    The Hitachi Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.    The Hitachi Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.    The Hitachi Defendants deny the allegations contained in paragraph 97 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

98.    The Complaint fails to state a claim against the Hitachi Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability)

99.    On information and belief, U.S. Patent 4,924,257 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

100.    On information and belief, U.S. Patent 5,285,236 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

101.    On information and belief, U.S. Patent 5,291,240 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 et seq.

\\\NY - 032599/000001 - 1092010 v1

102.    On information and belief, U.S. Patent 5,721,606 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 <u>et seq</u>.

103.    On information and belief, U.S. Patent 5,897,986 is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101 <u>et seq</u>.

## THIRD AFFIRMATIVE DEFENSE

### (Noninfringement)

104.    The Hitachi Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 4,924,257.

105.    The Hitachi Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

106.    The Hitachi Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

107.    The Hitachi Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

108.    The Hitachi Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

\\\NY - 032599/000001 - 1092010 v1

## FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

109.    On information and belief, Anvik's claims are limited pursuant to 35 U.S.C. §§ 286 and 287.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, Acquiescence and/or Unclean Hands)

110.    On information and belief, Anvik, through its conduct, statements, and/or misleading silence, represented to the Hitachi Defendants that their businesses would be unmolested by claims of patent infringement by Anvik, and that in reliance on Anvik's representation and/or omissions, the Hitachi Defendants continued their operations and expanded their businesses.

111.    Because of the Hitachi Defendants' reliance on Anvik's representations and/or omissions, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of estoppel.

112.    On information and belief, Anvik's claims are additionally barred, in whole or in part, by the doctrines of waiver, acquiescence, unclean hands and/or other equitable principles.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

113.    On information and belief, Anvik delayed filing this suit for an unreasonable and inexcusable period of time from the time that Anvik knew or reasonably should have known of its claim(s) against the Hitachi Defendants.

114.    On information and belief, Anvik's delay in filing this suit operated to the prejudice and/or injury of the Hitachi Defendants.

\\\NY - 032599/000001 - 1092010 v1

115.    On information and belief, in evaluating all particular facts and circumstances, and weighing the equities of the parties, Anvik is barred, in whole or in part, from asserting its claims of patent infringement, under the doctrine of laches.

## COUNTERCLAIMS AGAINST ANVIK

The Hitachi Defendants, by their undersigned attorneys, as and for their Counterclaims against Anvik, state as follows:

## JURISDICTION AND VENUE

116.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

117.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201 (a).

118.    On information and belief based upon the assertions contained in paragraph 24 of the Complaint, this Court has personal jurisdiction over Anvik based on Anvik's residence in the State of New York and Anvik's voluntary availing of itself of a court located in this State.

119.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. § 1400 (b).

## PARTIES

120.    Hitachi, Ltd. is a Japanese corporation headquartered in Tokyo, Japan.

121.    Hitachi Displays, Ltd. is a Japanese corporation with offices in Mobara City, Chiba Prefecture, Japan.

122.    Hitachi America, Ltd. is a wholly owned subsidiary of Hitachi, Ltd.

123.    Hitachi Electronic Devices USA, Inc. is a wholly owned subsidiary of Hitachi America, Ltd.

124.    On information and belief based on the assertions contained in paragraph 24 of the Complaint, Anvik is a New York corporation with its principal place of business in Hawthorne, New York.  On information and belief based on the assertions contained in paragraph 11 of the Complaint, Anvik is the owner of the patents-in-suit.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

125.    U.S. Patent 4,934,257, entitled "Scan and Repeat High Resolution Projection Lithography System" appears, on its face, to have been issued on May 8, 1990.

126.    U.S. Patent 5,285,236 entitled "Large-Area, High Throughput, High Resolution Projection Imaging System" appears, on its face, to have been issued on February 8, 1994.

127.    U.S. Patent 5,291,240 entitled "Nonlinearity-Compensated Large-Area Patterning System" appears, on its face, to have been issued on March 1, 1994.

128.    U.S. Patent 5,721,606 entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask" appears, on its face, to have been issued on February 24, 1998.

129.    U.S. Patent 5,897,986 entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage" appears, on its face, to have been issued on April 27, 1999.

130.    Anvik claims to be the present assignee of all rights, title, and interest to U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986.

\\\NY - 032599/000001 - 1092010 v1

131.    Anvik has brought a lawsuit against the Hitachi Defendants in this judicial district alleging infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986

132.    There exists a justiciable controversy between Anvik and the Hitachi Defendants concerning the validity, enforceability and/or infringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986 as set forth in the Complaint and in the Hitachi Defendants' Answer thereto set forth herein.

## FIRST CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Noninfringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

133.    The Hitachi Defendants repeat and re-allege the allegations contained in paragraphs 118-135 of their Counterclaims against Anvik as if fully set forth herein.

134.    The Hitachi Defendants are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of the U.S. Patent 4,924,257.

135.    The Hitachi Defendant are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,285,236.

19

136.    The Hitachi Defendants are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,291,240.

137.    The Hitachi Defendants are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,721,606.

138.    The Hitachi Defendants are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of U.S. Patent 5,897,986.

## SECOND CLAIM FOR RELIEF AGAINST ANVIK

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

139.    The Hitachi Defendants repeat and re-allege the allegations contained in paragraphs 118-135 of their Counterclaims against Anvik as if fully set forth herein.

140.    The Hitachi Defendants are entitled to a declaratory judgment that the claims of U.S. Patent 4,924,257 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

\\\NY - 032599/000001 - 1092010 v1

141.    The Hitachi Defendants are entitled to a declaratory judgment that the claims of U.S. patent 5,285,236 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

142.    The Hitachi Defendants are entitled to a declaratory judgment that the claims of U.S. Patent 5,291,240 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

143.    The Hitachi Defendants are entitled to a declaratory judgment that the claims of U.S. Patent 5,721,606 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

144.    The Hitachi Defendants are entitled to a declaratory judgment that the claims of U.S. Patent 5,897,986 are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code §§ 101 et seq. and general principles of patent law.

## **PRAYER FOR RELIEF**

WHEREFORE, the Hitachi Defendants pray for judgment and relief against Anvik as follows:

A.    Dismissing with prejudice Anvik's Count I For Patent Infringement by the Hitachi Defendants of U.S. Patent 4,924,257 pursuant to 35 U.S.C. § 271 et seq.;

\\\NY - 032599/000001 - 1092010 v1

B.      Dismissing with prejudice Anvik's Count II For Patent Infringement by the Hitachi Defendants of U.S. Patent 5,285,236 pursuant to 35 U.S.C. § 271 et seq.;

C.      Dismissing with prejudice Anvik's Count III For Patent Infringement by the Hitachi Defendants of U.S. Patent 5,291,240 pursuant to 35 U.S.C. § 271 et seq.;

D.      Dismissing with prejudice Anvik's Count IV For Patent Infringement by the Hitachi Defendants of U.S. Patent 5,721,606 pursuant to 35 U.S.C. § 271 et seq.;

E.      Dismissing with prejudice Anvik's Count V For Patent Infringement by the Hitachi Defendants of U.S. Patent 5,897,986 pursuant to 35 U.S.C. § 271 et seq.;

F.      Declaring that the Hitachi Defendants have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 4,924,257;

G.      Declaring that the Hitachi Defendants have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,285,236;

H.      Declaring that the Hitachi Defendants have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,291,240;

I.      Declaring that the Hitachi Defendants have not infringed, contributed to the infringement of, or induced others to infringe any claim of  U.S. Patent 5,721,606;

J.      Declaring that the Hitachi Defendants have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent 5,897,986;

K.      Declaring that U.S. Patent 4,924,257 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 2,924,257 against the Hitachi Defendants;

L.      Declaring that U.S. Patent 5,285,236 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,285,236 against the Hitachi Defendants;

M.      Declaring that U.S. Patent 5,291,240 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,291,240 against the Hitachi Defendants;

N.      Declaring that U.S. Patent 5,721,606 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,721,606 against the Hitachi Defendants;

O.      Declaring that U.S. Patent 5,897,986 is invalid and/or unenforceable, and that Anvik is barred from asserting U.S. Patent 5,897,986 against the Hitachi Defendants;

P.      Order Anvik to pay the Hitachi Defendants' costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

Q.      Grant the Hitachi Defendants such other or further relief as this Court may deem just and proper.

## JURY DEMAND

The Hitachi Defendants hereby demand trial by jury of all issues in this case so triable.

Dated: July 31, 2008

_____s/Eric J. Lobenfeld_____
By: Eric J. Lobenfeld
    Ira J. Schaefer
    Scott A. Clark
    **HOGAN & HARTSON L.L.P.**
    875 Third Avenue
    New York, NY 10022
    (212) 918-3000

    Philippe Y. Riesen
    Takashi Hashimoto
    **HOGAN & HARTSON L.L.P.**
    Shinjuku Center Building, 46th Floor
    25-1 Nishi-Shinjuku 1-chome
    Shinjuku, Tokyo 163-0646
    Japan
    (81) 3-5908-4070

    **Attorneys for Defendants**
    **Hitachi, Ltd.,**
    **Hitachi Displays, Ltd.,**
    **Hitachi America, Ltd.,**
    **Hitachi Electronic Devices USA, Inc.**