IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Anvik Corporation,

        Plaintiff,

        v.

IPS Alpha Technology, Ltd.,
Toshiba Corporation,
Toshiba America, Inc.,
Toshiba America Consumer Products,
L.L.C.,
Matsushita Electric Industrial Co., Ltd.,
Panasonic Corporation of North America,
Hitachi, Ltd.,
Hitachi Displays, Ltd.,
Hitachi America, Ltd., and
Hitachi Electronic Devices USA, Inc.

        Defendants.

Civil Action No.  08cv4036 (SCR) (LMS)

ECF CASE

**TOSHIBA AMERICA, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Toshiba America, Inc. ("TAI") responds to the complaint of plaintiff Anvik Corporation ("Anvik") as follows (paragraph numbers correspond to those of the complaint) and states its defenses and counterclaims.

## ANSWER

### Summary of the Case

1.     TAI denies that it infringes Anvik's patents or that it is enriching itself at Anvik's expense.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 1 of the complaint.

2.     TAI denies that it uses industrial manufacturing machines produced by Nikon Corporation ("Nikon"); that it purchases from Nikon and uses machines that

1

manufacture LCD displays; that it sells LCD displays, directly or through intermediaries, in the United States, including New York; that it knowingly violates U.S. patent laws; and that it infringes or willfully infringes the asserted Anvik patents (U.S. patent nos. 4,924,257; 5,285,236; 5,291,240; 5,721,606 and 5,987,986, hereinafter "patents-in-suit"). TAI admits that Anvik filed actions against Nikon and others in this court. TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 2 of the complaint.

3.     TAI lacks sufficient information to admit or deny the allegations of paragraph 3 of the complaint.

4.     TAI denies that it uses Nikon machines to manufacture LCD displays and that it infringes the patents-in-suit. TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 4 of complaint.

5.     TAI denies that it infringes the patents-in-suit. TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 5 of the complaint.

6.     TAI lacks sufficient information to admit or deny the allegations of paragraph 6 of the complaint.

7.     TAI admits that Anvik filed actions against Nikon and others in this court. TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 7 of the complaint.

8.     TAI denies that it reaped any monetary benefit from the patents-in-suit; that it willfully infringes the patents-in-suit; that it makes any use of the patents-in-suit; and that it sells LCD panels. TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 8 of the complaint.

**Nature of the Action**

9.     TAI denies the allegations in paragraph 9 of the complaint with the exception that it admits that this action purports to be under the patent laws of the United States, 35 USC §1 *et seq.*

10.     TAI lacks sufficient information to admit or deny the allegations of paragraph 10 of the complaint.

**Anvik and Its Founder, Dr. Kanti Jain**

11.     TAI lacks sufficient information to admit or deny the allegations of paragraph 11 of the complaint.

12.     TAI lacks sufficient information to admit or deny the allegations of paragraph 12 of the complaint.

13.     TAI lacks sufficient information to admit or deny the allegations of paragraph 13 of the complaint.

14.     TAI lacks sufficient information to admit or deny the allegations of paragraph 14 of the complaint.

**Defendants and Their Use of Nikon FX-Series Microlithography Machines**

15.     TAI lacks sufficient information to admit or deny the allegations of paragraph 15 of the complaint.

16.     TAI lacks sufficient information to admit or deny the allegations of paragraph 16 of the complaint.

17.     TAI lacks sufficient information to admit or deny the allegations of paragraph 17 of the complaint.

18.     TAI denies that it sells televisions in the U.S.  TAI lacks sufficient information to admit or deny the allegations of paragraph 18 of the complaint.

19.     TAI denies that it misappropriated patented Anvik technologies; that it violates the patents-in-suit; and that it imports or sells LCD panels in the U.S.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 19 of complaint.

**Defendant's Willful Infringement of Anvik's Patents**

20.     TAI denies that it imports or sells LCD panels and/or products containing LCD panels; that it violates or infringes the patents-in-suit; that it had knowledge of the patents-in-suit; and that it possesses specific intent to infringe the patents-in-suit.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 20 of complaint.

21.     TAI denies that it buys or sells LCD panels or products containing LCD panels; that it violates U.S. patent laws or infringes the patents-in-suit by importing or selling products incorporating LCD panels purchased from others.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 21 of complaint.

22.     TAI denies that it infringes the patents-in-suit.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 22 of complaint.

23.     TAI denies that it infringes the patents-in-suit; that it committed misconduct regarding the patents-in-suit; and that it uses Nikon LCD panel manufacturing machines.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 23 of complaint.

**The Parties**

24.     TAI lacks sufficient information to admit or deny the allegations of paragraph 24 of the complaint.

25.     TAI lacks sufficient information to admit or deny the allegations of paragraph 25 of the complaint.

26.     TAI admits the allegations of paragraph 26 of the complaint.

27.     TAI admits that it is wholly owned by Toshiba Corporation, is headquartered in New York, and is a holding company for certain Toshiba businesses in the U.S.

28.     TAI admits the allegations of paragraph 28 of the complaint.

29.     TAI lacks sufficient information to admit or deny the allegations of paragraph 29 of the complaint.

30.     TAI lacks sufficient information to admit or deny the allegations of paragraph 30 of the complaint.

31.     TAI lacks sufficient information to admit or deny the allegations of paragraph 31 of the complaint.

32.     TAI lacks sufficient information to admit or deny the allegations of paragraph 32 of the complaint.

33.     TAI lacks sufficient information to admit or deny the allegations of paragraph 33 of the complaint.

34.     TAI lacks sufficient information to admit or deny the allegations of paragraph 34 of the complaint.

**Jurisdiction and Venue**

35.    TAI does not dispute subject matter jurisdiction.

36.    TAI does not dispute jurisdiction in this district.  TAI lacks sufficient information to admit or deny the allegations of paragraph 36 of the complaint.

**Jurisdictional Allegations Regarding IPS Alpha**

37.    TAI denies that IPS does business through TAI, and that it infringes the patents-in-suit.  TAI lacks sufficient information to admit or deny the remaining allegations of paragraph 37 of the complaint.

38.    TAI lacks sufficient information to admit or deny the allegations of paragraph 38 of the complaint.

39.    TAI lacks sufficient information to admit or deny the allegations of paragraph 39 of the complaint.

**Jurisdictional Allegations Regarding Toshiba**

40.    TAI lacks sufficient information to admit or deny the allegations of paragraph 40 of the complaint.

**Jurisdictional Allegations Regarding Matsushita**

41.    Not applicable.

42.    Not applicable.

43.    Not applicable.

44.    Not applicable.

**Jurisdictional Allegations Regarding Hitachi**

45.    Not applicable.

46.    Not applicable.

47.     Not applicable.

## Count I

48.     TAI refers to and incorporates herein its responses to paragraphs 1-47.

49.     TAI denies infringement.  TAI admits that the claims in the complaint purport to be under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and include a charge of willful infringement.

50.     TAI denies that the '257 patent was duly and legally issued.

51.     TAI lacks sufficient information to admit or deny the allegations of paragraph 51 of the complaint.

52.     TAI denies the allegations of paragraph 52 of the complaint.

53.     TAI denies the allegations of paragraph 53 of the complaint.

54.     TAI denies the allegations of paragraph 54 of the complaint.

55.     TAI denies the allegations of paragraph 55 of the complaint.

56.     TAI denies the allegations of paragraph 56 of the complaint.

57.     TAI denies the allegations of paragraph 57 of the complaint.

## Count II

58.     TAI refers to and incorporates herein its responses to paragraphs 1-57.

59.     TAI denies infringement and admits that the claims in the complaint purport to be under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and include a charge of willful infringement.

60.     TAI denies that the '236 patent was duly and legally issued.

61.     TAI lacks sufficient information to admit or deny the allegations of paragraph 61 of the complaint.

62.     TAI denies the allegations of paragraph 62 of the complaint.

63.     TAI denies the allegations of paragraph 63 of the complaint.

64.     TAI denies the allegations of paragraph 64 of the complaint.

65.     TAI denies the allegations of paragraph 65 of the complaint.

66.     TAI denies the allegations of paragraph 66 of the complaint.

67.     TAI denies the allegations of paragraph 67 of the complaint.

**Count III**

68.     TAI refers to and incorporates herein its responses to paragraphs 1-67.

69.     TAI denies infringement and admits that the claims in the complaint purport to be under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and include a charge of willful infringement.

70.     TAI denies that the '240 patent was duly and legally issued.

71.     TAI lacks sufficient information to admit or deny the allegations of paragraph 71 of the complaint.

72.     TAI denies the allegations of paragraph 72 of the complaint.

73.     TAI denies the allegations of paragraph 73 of the complaint.

74.     TAI denies the allegations of paragraph 74 of the complaint.

75.     TAI denies the allegations of paragraph 75 of the complaint.

76.     TAI denies the allegations of paragraph 76 of the complaint.

77.     TAI denies the allegations of paragraph 77 of the complaint.

**Count IV**

78.     TAI refers to and incorporates herein its responses to paragraphs 1-77.

79.    TAI denies infringement and admits that the claims in the complaint purport to be under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and include a charge of willful infringement.

80.    TAI denies that the '606 patent was duly and legally issued.

81.    TAI lacks sufficient information to admit or deny the allegations of paragraph 81 of the complaint.

82.    TAI denies the allegations of paragraph 82 of the complaint.

83.    TAI denies the allegations of paragraph 83 of the complaint.

84.    TAI denies the allegations of paragraph 84 of the complaint.

85.    TAI denies the allegations of paragraph 85 of the complaint.

86.    TAI denies the allegations of paragraph 86 of the complaint.

87.    TAI denies the allegations of paragraph 87 of the complaint.

**Count V**

88.    TAI refers to and incorporates herein its responses to paragraphs 1-87.

89.    TAI denies infringement and admits that the claims in the complaint purport to be under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and include a charge of willful infringement.

90.    TAI denies that the '986 patent was duly and legally issued.

91.    TAI lacks sufficient information to admit or deny the allegations of paragraph 91 of the complaint.

92.    TAI denies the allegations of paragraph 92 of the complaint.

93.    TAI denies the allegations of paragraph 93 of the complaint.

94.    TAI denies the allegations of paragraph 94 of the complaint.

95.    TAI denies the allegations of paragraph 95 of the complaint.

96.    TAI denies the allegations of paragraph 96 of the complaint.

97.    TAI denies the allegations of paragraph 97 of the complaint.

**First Defense**

98.    On information and belief, one or more of the claims of the patents-in-suit (the '257, '236, '240, '606 and '986 patents) are invalid for failing to meet one or more requisite conditions or requirements for patentability under 35 USC §§ 101, 102, 103 and/or 112.

**Second Defense**

99.    On information and belief, the '257 and '236 patents are unenforceable for inequitable conduct.

**Third Defense**

100.    On information and belief, TAI does not infringe, has not infringed, and has neither contributed to the infringement of nor induced others to infringe the patents-in-suit.

**Fourth Defense**

101.    Anvik has failed to state a claim upon which relief can be granted.  In particular, Anvik has failed to comply with Rule 11(b)(3), Fed. R. Civ. P., which requires allegations "likely to have evidentiary support after a reasonable opportunity for further investigation and discovery" to be "specifically so identified."

**Fifth Defense**

102.    On information and belief, on the basis of statements made during prosecution of one or more of the patents-in-suit, Anvik is estopped from asserting that

the patents-in-suit cover conduct of TAI and that TAI infringes the patents-in-suit under the doctrine of equivalents.

### Sixth Defense

103.    On information and belief, Anvik failed to mark its products in compliance with 35 U.S.C. §287.

### Seventh Defense

104.    Pursuant to 35 U.S.C. §287, TAI is not liable for damages for infringement under 35 U.S.C. §271(g) prior to receiving Anvik's allegations of infringement in this litigation.

### Eighth Defense

105.    On information and belief, Anvik's claims are barred, at least in part, by laches, estoppel and/or unclean hands.

### Counterclaims

106.    As and for their counterclaims in the above-referenced action, TAI hereby pleads as follows.

107.    TAI is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, NY, 10020.

108.    According to the complaint, Anvik is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 6 Skyline Drive, Hawthorne, New York 10532.

### Facts Common To Counterclaims I-XII

109.    This Court has jurisdiction over these counterclaims for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. § 2201 and 2202, under the laws of the

United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

110.    This action for purported patent infringement was filed by plaintiff Anvik Corporation on or about April 29, 2008, based on a complaint bearing that date.

111.    As set forth in the complaint and in the answer to which these counterclaims are appended, a justiciable controversy has arisen and exists between the parties concerning TAI's liability for alleged infringement of the U.S. patent nos. 4,924,257; 5,285,236; 5,291,240; 5,721,606; and 5,897,986; including the validity and scope of such patents.  Venue properly lies in this judicial district by virtue of Anvik having filed its complaint therein and by virtue of Anvik's presence in this district.

112.    The complaint purports to bring five counts of patent infringement against TAI. Each of the counts makes reference to the following allegations:

> The Defendants in this case are "knowingly using machines that infringe Anvik's patents, and importing and selling into the United States flat panel displays made using Anvik's patented technologies."

(Complaint ¶9.)

> Toshiba, through intermediaries including Toshiba America Consumer Products and third-party wholesale and retail distributors, is doing business with this State and judicial district, transacts business with this State and judicial district, derives substantial revenue from intra-state and inter-state commerce, has committed acts of patent infringement within this State and judicial district, and is otherwise within the jurisdiction of this Court.

(Complaint ¶40.)

113.    Upon information and belief, Nikon's FX Series of lithography scanner systems and products (the "FX Series scanners"), are not made, used, offered for sale, sold (directly or through intermediaries), or imported, in this district or in any other

district in the United States, by Nikon or by anyone else. Accordingly, there is no direct infringement of the patents-in-suit in the United States by the FX Series scanners as alleged in the complaint.

114.    TAI has not made, used, sold or offered the FX Series scanners for sale within the United States, and has not imported the FX Series scanners into the United States. Thus, there can be no infringement under 35 U.S.C. §271(a).

115.    Section 271(g) of U.S.C. title 35 provides, in relevant part, that "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent."

116.    TAI does not direct, induce, or control whether products made by the FX Series scanners are imported into the United States.

**Counterclaim I - Non-infringement of The '257 Patent**

117.    TAI incorporates herein by reference paragraphs 109-116.

118.    TAI is not liable as a direct infringer, for inducing infringement, or as a contributory infringer because TAI does not manufacture or sell products made with the FX Series scanners and cannot infringe the '257 patent under any applicable section of 35 U.S.C. §271.

119.    TAI is accordingly entitled to a judicial declaration that it does not infringe the '257 patent.

**Counterclaim II - Non-infringement of The '236 Patent**

120.    TAI incorporates herein by reference paragraphs 109-119.

121.    TAI is not liable as a direct infringer, for inducing infringement, or as a contributory infringer because TAI does not manufacture or sell products made with the FX Series scanners and cannot infringe the '236 patent under any applicable section of 35 U.S.C. §271.

122.    TAI is accordingly entitled to a judicial declaration that its does not infringe the '236 patent.

### Counterclaim III - Non-infringement of The '240 Patent

123.    TAI incorporates herein by reference paragraphs 109-122.

124.    TAI is not liable as a direct infringer, for inducing infringement, or as a contributory infringer because TAI does not manufacture or sell products made with the FX Series scanners and cannot infringe the '240 patent under any applicable section of 35 U.S.C. §271.

125.    TAI is accordingly entitled to a judicial declaration that its does not infringe the '240 patent.

### Counterclaim IV - Non-infringement of The '606 Patent

126.    TAI incorporates herein by reference paragraphs 109-125.

127.    TAI is not liable as a direct infringer, for inducing infringement, or as a contributory infringer because TAI does not manufacture or sell products made with the FX Series scanners and cannot infringe the '606 patent under any applicable section of 35 U.S.C. §271.

128.    TAI is accordingly entitled to a judicial declaration that its does not infringe the '606 patent.

### Counterclaim V - Non-infringement of The '986 Patent

129.    TAI incorporates herein by reference paragraphs 109-128.

130.    TAI is not liable as a direct infringer, for inducing infringement, or as a contributory infringer because TAI does not manufacture or sell products made with the FX Series scanners and cannot infringe the '986 patent under any applicable section of 35 U.S.C. §271.

131.    TAI is accordingly entitled to a judicial declaration that its does not infringe the '986 patent.

### Counterclaim VI - Invalidity of The '257 Patent

132.    TAI incorporates herein by reference paragraphs 109-131.

133.    Anvik has alleged and claimed that it is the owner of the '257 patent.

134.    Anvik has alleged and claimed that the '257 patent was duly and legally issued.

135.    An actual and justiciable controversy is present between the parties as to the alleged validity of the '257 patent.

136.    On information and belief, the '257 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

137.    TAI is entitled to a judicial declaration that the '257 patent is invalid.

### Counterclaim VII - Invalidity of The '236 Patent

138.    TAI incorporates herein by reference paragraphs 109-137.

139.    Anvik has alleged and claimed that it is the owner of the '236 patent.

140.    Anvik has alleged and claimed that the '236 patent was duly and legally issued.

141.    An actual and justiciable controversy is present between the parties as to the alleged validity of the '236 patent.

142.    On information and belief, the '236 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

143.    TAI is entitled to a judicial declaration that the '236 patent is invalid.

### Counterclaim VIII - Invalidity of The '240 Patent

144.    TAI incorporates herein by reference paragraphs 109-143.

145.    Anvik has alleged and claimed that it is the owner of the '240 patent.

146.    Anvik has alleged and claimed that the '240 patent was duly and legally issued.

147.    An actual and justiciable controversy is present between the parties as to the alleged validity of the '240 patent.

148.    On information and belief, the '240 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

149.    TAI is entitled to a judicial declaration that the '240 patent is invalid.

### Counterclaim IX - Invalidity of The '606 Patent

150.    TAI incorporates herein by reference paragraphs 109-149.

151.    Anvik has alleged and claimed that it is the owner of the '606 patent.

152.    Anvik has alleged and claimed that the '606 patent was duly and legally issued.

153.    An actual and justiciable controversy is present between the parties as to the alleged validity of the '606 patent.

154.    On information and belief, the '606 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

155.    TAI is entitled to a judicial declaration that the '606 patent is invalid.

### Counterclaim X - Invalidity of The '986 Patent

156.    TAI incorporates herein by reference paragraphs 109-154.

157.    Anvik has alleged and claimed that it is the owner of the '986 patent.

158.    Anvik has alleged and claimed that the '986 patent was duly and legally issued.

159.    An actual and justiciable controversy is present between the parties as to the alleged validity of the '986 patent.

160.    On information and belief, the '986 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

161.    TAI is entitled to a judicial declaration that the '986 patent is invalid.

### Counterclaim XI - Unenforceability of The '257 Patent

162.    TAI incorporates herein by reference paragraphs 109-161.

163.    Anvik has alleged that it owns the '257 patent, that the '257 patent is valid, and that the '257 patent is infringed by TAI.  TAI admits none of these allegations.

164.    Furthermore, TAI alleges, on information and belief, that the '257 patent was obtained through inequitable conduct, and is accordingly unenforceable.  A justiciable controversy exists among the parties as to the enforceability of the '257 patent.

165.    According to the '257 patent, a function of the claimed invention is "to provide complementary exposures in an overlap region between the areas exposed by adjacent scans in such a way that the exposure dose distribution received in the overlap

region is seamless, and such that the exposure dose delivered across the entire substrate is uniform." '257 patent, claim 1.

166.    According to the specification of the '257 patent, "the entire exposure is seamless because (a) the doses provided by hexagons 36 and 38 taper in opposite directions in the overlapping region, and (b) the doses taper to zero at apex a," as shown in figure 3 of the patent, below:



FIG. 3

167.    However, the inventor, Dr. Kanti Jain, knew of prior art disclosing this claimed feature, and, on information and belief, willfully and with the intent to deceive the U.S. Patent and Trademark Office ("USPTO"), refrained from disclosing such art to the USPTO.

168.    For example, at least three years before Dr. Jain filed the application for the '257 patent, Dr. David Markle published "Submicron 1:1 Optical Lithography."  In that article, published as part of the Semiconductor Equipment and Materials Institute program in Tokyo, Japan in December 1985, and republished in the periodical

Semiconductor International (May 1986), Dr. Markle disclosed a technique of delivering

a seamless exposure dose across an entire substrate, using a remarkably similar figure:



169.    On information and belief, Dr. Jain knew of Dr. Markle's disclosure well

before filing the application for the '257 patent.  In 1986, Dr. Jain published an article

entitled "Advances in Excimer Laser Microlithography," which cited and discussed Dr.

Markle's "Submicron 1:1 Optical Lithography," and particularly Dr. Markle's

presentation of two-dimensional subfield scanning.

170.    Dr. Markle's article and teachings were highly material to the prosecution

of the '257 patent, and, on information and belief, would have been viewed as important

by a reasonable examiner.  Dr. Markle's article is not cumulative of other art of record in

the application for the '257 patent.  Rather, in combination with the other art of record,

Dr. Markle's article (i) establishes a prima facie case of unpatentability of one or more

claims of the '257 patent; and/or (ii) refutes or is inconsistent with the arguments made in

19

favor of the patentability of the '257 patent.  On information and belief, Dr. Jain knew, or

was reckless in not knowing, of the high materiality of Dr. Markle's article to the

patentability of the '257 patent.

171.    Because Dr. Jain failed to cite material prior art to the USPTO during the

prosecution of the '257 patent, the '257 patent is unenforceable due to inequitable

conduct.

172.    By virtue of the inequitable conduct during the prosecution of the '257

patent, the Court should find this case "exceptional" and award defendants their attorney

fees and costs under 35 U.S.C. §285.

### Counterclaim XII - Unenforceability of the '236 Patent

173.    TAI incorporates herein by reference paragraphs 109-172.

174.    Anvik has alleged that it owns the '236 patent, that the '236 patent is

valid, and that the '236 patent is infringed by TAI.  TAI admits none of these allegations.

175.    Furthermore, TAI alleges, on information and belief, that the '236 patent

was obtained through inequitable conduct, and is accordingly unenforceable.  A

justiciable controversy exists among the parties as to the enforceability of the '236 patent.

176.    According to the specification of the '236 patent, the asserted invention is

purportedly patentable over the prior art (Dr. Jain's own '257 patent), because, while both

relate to "seamlessly" joining together adjacent image fields, "[t]his invention discloses a

projection imaging system in which the objective of seamless exposure for large-area,

high-resolution, high-throughput patterning is achieved using a single, integrated stage

assembly for both mask and substrate."  '236 patent, col. 2, ln. 52-57.

177.    This aspect of the alleged invention is disclosed in figure 1 of the '236 patent:



Fig. 1

178.    However, the named inventor of the '236 patent, Dr. Kanti Jain, knew of prior art disclosing this claimed feature and its use for "seamless" scanning, and, on information and belief, willfully and with the intent to deceive the USPTO, refrained from disclosing such art to the USPTO.

179.    For example, fifteen years before the filing of the application for the '236 patent, Dr. Martin Feldman patented a lithography system for seamless scanning using a single integrated stage assembly for mask and substrate, as shown in figure 1 of his U.S. patent No. 3,819,265 ("the '265 patent"):



FIG. I

180.    The '265 patent also disclosed the use of a polygon-shaped illumination region, as illustrated in the figures below, to deliver a uniform and seamless exposure dosage over the substrate:



FIG. 10

FIG. II

181.    On information and belief, Dr. Jain and his counsel, Carl C. Kling, knew of the '265 patent before the '236 patent issued.

182.    Dr. Jain is also the inventor of U.S. patent 5,291,240, which was under prosecution at the same time, and by the same counsel, Mr. Kling.  The '240 patent was filed on October 27, 1992, and issued on March 1, 1994.  The '236 patent was filed on September 30, 1992, and issued on February 8, 1994.  On information and belief, the '240 patent and the '236 patent were not being reviewed by the same examiner.

183.    During the prosecution of the '240 patent, in September 1993, the examiner of that application cited the Feldman '265 patent as relevant art. The Feldman '265 patent, as noted above, discloses the combination of seamless scanning and unitary stage structure that Dr. Jain claimed to be novel in his application for the '236 patent.

184.    The '265 patent was highly material to the prosecution of the '236 patent, and, on information and belief, would have been viewed as important by a reasonable examiner.  The '265 patent is not cumulative of other art of record in the application for the '236 patent.  Rather, in combination with the other art of record, the '265 patent (i) establishes a prima facie case of unpatentability of one or more claims; and/or (ii) refutes or is inconsistent with the arguments made in favor of the patentability of the '236 patent. After learning of the '265 patent, Dr. Jain and Mr. Kling continued to prosecute the '236 patent without disclosing the '265 patent to the examiner of the application for the '236 patent.  On information and belief, Dr. Jain and Mr. Kling knew, or were reckless in not knowing, of the high materiality of the '265 patent to the patentability of the '236 patent.

185.    Because Dr. Jain and Mr. Kling failed to cite material prior art to the USPTO during the prosecution of the '236 patent, the '236 patent is unenforceable due to inequitable conduct.

186.    By virtue of the inequitable conduct during the prosecution of the '236 patent, the Court should find this case "exceptional" and award defendants their attorneys fees and costs under 35 U.S.C. §285.

### Claim for Relief

WHEREFORE, TAI requests:

a. that Anvik's complaint be dismissed with prejudice,

b. that the Court issue a declaratory judgment that the '257, '236, '240, '606 and '986 patents are not infringed by TAI and, further, are invalid and that the '257 and '236 patents are unenforceable,

c. its attorney fees (35 U.S.C. §285),

d. its costs (rule 54(d), Fed. R. Civ. P.) and

e. such other relief as may be appropriate.

OF COUNSEL:

Arthur I. Neustadt
Carl E. Schlier
Barry J. Herman
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia  22314
Tel:  (703) 413-3000
Fax:  (703) 413-2220
aneustadt@oblon.com
cschlier@oblon.com
bherman@oblon.com

Dated:  July 31, 2008

OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.


By:  s/
  Jonathan Hudis (JH-1993)
  1940 Duke Street
  Alexandria, Virginia  22314
  Tel:  (703) 413-3000
  Fax:  (703) 413-2220
  jhudis@oblon.com

  *Attorneys for Defendants*
  *Toshiba Corporation, Toshiba*
  *America, Inc. and Toshiba America*
  *Consumer Products, L.L.C.*