UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anvik Corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>IPS Alpha Technology, Ltd.,<br>Toshiba Corporation,<br>Toshiba America, Inc.,<br>Toshiba America Consumer Products, L.L.C.,<br>Matsushita Electric Industrial Co., Ltd.,<br>Panasonic Corporation of North America,<br>Hitachi, Ltd.,<br>Hitachi Displays, Ltd.,<br>Hitachi America, Ltd., and<br>Hitachi Electronic Devices USA, Inc.,<br><br>                    Defendants-Counterclaimants. | Civil Action No.:<br><br>08 CV 4036 (SCR) (LMS) |

## ANVIK'S REPLY TO THE HITACHI DEFENDANTS' COUNTERCLAIMS

Plaintiff Anvik Corporation ("plaintiff" or "Anvik"), by and through its undersigned counsel, hereby replies to the Counterclaims of defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices USA, Inc. (collectively, the "Hitachi Defendants").  The numbered paragraphs in the following Reply to Counterclaims correspond to the paragraph numbers of the Hitachi Defendants' Counterclaims.

## REPLY TO COUNTERCLAIMS

116.    Anvik denies the allegations of this paragraph except admits that the Counterclaims purport to arise under the U.S. Patent Laws and the Declaratory Judgment Act.

117.    Anvik admits the allegations of this paragraph.

118.    Anvik admits the allegations of this paragraph.

NYC:773368.1/ANV004-252136

119.    Anvik admits the allegations of this paragraph.

120.    Anvik admits the allegations of this paragraph.

121.    Anvik admits the allegations of this paragraph.

122.    Anvik admits the allegations of this paragraph.

123.    Anvik is without knowledge or information sufficient to form an accurate belief as to the truth of the allegations of this paragraph and therefore denies the same.

124.    Anvik admits the allegations of this paragraph.

125.    Anvik denies each and every allegation of this paragraph, including that U.S. Patent 4,934,257 is entitled "Scan and Repeat Resolution Projection Lithography System" and was issued on May 8, 1990.  Anvik admits that U.S. Patent 4,924,257, entitled "Scan and Repeat Resolution Projection Lithography System," was issued on May 8, 1990.

126.    Anvik denies each and every allegation of this paragraph, except Anvik admits that U.S. Patent 5,285,236, entitled "Large-Area, High Throughput, High Resolution Projection Imaging System," was issued on February 8, 1994.

127.    Anvik denies each and every allegation of this paragraph, except Anvik admits that U.S. Patent 5,291,240, entitled "Nonlinearity-Compensated Large-Area Patterning System," was issued on March 1, 1994.

128.    Anvik denies each and every allegation of this paragraph, except Anvik admits that U.S. Patent 5,721,606, entitled "Large-Area, High-Throughput, High-Resolution, Scan-And-Repeat, Projection Patterning System Employing Sub-Full Mask," was issued on February 24, 1998.

129. Anvik denies each and every allegation of this paragraph, except Anvik admits that U.S. Patent 5,897,986, entitled "Projection Patterning of Large Substrates Using Limited-Travel X-Y Stage," was issued on April 27, 1999.

130. Anvik admits the allegations of this paragraph.

131. Anvik admits the allegations of this paragraph.

132. Anvik denies the allegations of this paragraph.

### Reply To First Claim For Relief

**(Declaratory Judgment of Noninfringement of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

133. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

134. Anvik denies each and every allegation of this paragraph.

135. Anvik denies each and every allegation of this paragraph.

136. Anvik denies each and every allegation of this paragraph.

137. Anvik denies each and every allegation of this paragraph.

138. Anvik denies each and every allegation of this paragraph.

### Reply to Second Claim For Relief

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent 4,924,257, U.S. Patent 5,285,236, U.S. Patent 5,291,240, U.S. Patent 5,721,606 and U.S. Patent 5,897,986)**

139. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

140. Anvik denies each and every allegation of this paragraph.

141. Anvik denies each and every allegation of this paragraph.

142. Anvik denies each and every allegation of this paragraph.

143. Anvik denies each and every allegation of this paragraph.

144. Anvik denies each and every allegation of this paragraph.

WHEREFORE, Anvik respectfully requests that the Court dismiss the Hitachi Defendants' counterclaims with prejudice.

## JURY DEMAND

Anvik requests a trial by jury on all issues related to the Hitachi Defendants' Counterclaims.

Date: August 20, 2008                                              Respectfully submitted,

**By:** /s/ Joshua L. Raskin                                         **By:** /s/ Chad Johnson
    Joshua L. Raskin                                            Chad Johnson
    jraskin@wolfblock.com                                   chad@blbglaw.com
    Martin G. Raskin                                              Jai Chandrasekhar
    mraskin@wolfblock.com                                 jai@blbglaw.com
    WOLFBLOCK LLP                                              Adam Wierzbowski
    250 Park Avenue                                               adam@blbglaw.com
    New York, NY 10177                                        BERNSTEIN LITOWITZ BERGER &
    Phone: (212) 986-1116                                         GROSSMANN LLP
    Fax: (212) 986-0604                                            1285 Avenue of the Americas, 38th Floor
                                                                                 New York, NY 10019
                                                                                 Phone: (212) 554-1400
                                                                                 Fax: (212) 554-1444

**ATTORNEYS FOR PLAINTIFF ANVIK CORPORATION**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing will be served electronically through the CM/ECF system to the registered participants at the time of filing and that paper copies shall be served by first class mail postage prepaid on all counsel who are not served electronically on August 20, 2008.

                                                                                   /s/ Joshua L. Raskin_____