UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anvik Corporation,<br><br>                    Plaintiff,<br><br>            v.<br><br>IPS Alpha Technology, Ltd.,<br>Toshiba Corporation,<br>Toshiba America, Inc.,<br>Toshiba America Consumer Products, L.L.C.,<br>Matsushita Electric Industrial Co., Ltd.,<br>Panasonic Corporation of North America,<br>Hitachi, Ltd.,<br>Hitachi Displays, Ltd.,<br>Hitachi America, Ltd., and<br>Hitachi Electronic Devices USA, Inc.,<br><br>            Defendants-Counterclaimants. | Civil Action No.<br><br>08 CV 4036 (SCR) (LMS) |

## ANVIK'S REPLY TO TOSHIBA AMERICA INC.'S COUNTERCLAIMS

Plaintiff Anvik Corporation ("plaintiff" or "Anvik"), by and through its undersigned counsel, hereby replies to the Counterclaims of defendant Toshiba America, Inc. ("TAI"). The numbered paragraphs in the following Reply to Counterclaims correspond to the paragraph numbers of TAI's Counterclaims.

## REPLY TO COUNTERCLAIMS

106.    There are no allegations contained in this paragraph that require either an admission or a denial.

107.    Anvik admits the allegations of this paragraph.

108.    Anvik admits the allegations of this paragraph.

109. Anvik admits the allegations of this paragraph.

110. Anvik denies each and every allegation of this paragraph, except Anvik admits that it filed a Complaint against TAI in this case on April 29, 2008, and that the Complaint included claims for patent infringement.

111. Anvik denies each and every allegation of the first sentence of this paragraph except Anvik admits that, in its Complaint, Anvik asserted claims against TAI for infringement of U.S. Patent Nos. 4,924,257; 5,285,236; 5,291,240; 5,721,606 and 5,897,986.  Anvik admits that venue is proper in this judicial district.

112. Anvik denies each and every allegation of this paragraph, except Anvik admits that the Complaint includes five counts of patent infringement against TAI and that the block quotations included in this paragraph accurately quote from portions of paragraphs 9 and 40 of the Complaint.

113. Anvik denies each and every allegation of this paragraph.

114. Anvik denies each and every allegation of this paragraph.

115. Anvik admits that Section 271(g) of U.S.C. title 35 contains the language quoted.

116. Anvik denies each and every allegation of this paragraph.

**Reply To Counterclaim Count I - Non-Infringement of the '257 Patent**

117  Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

118  Anvik denies each and every allegation of this paragraph.

119. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count II - Non-Infringement of the '236 Patent

120. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

121. Anvik denies each and every allegation of this paragraph.

122. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count III - Non-Infringement of the '240 Patent

123. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

124. Anvik denies each and every allegation of this paragraph.

125. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count IV - Non-Infringement of the '606 Patent

126. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

127. Anvik denies each and every allegation of this paragraph.

128. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count V - Non-Infringement of the '986 Patent

129. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

130. Anvik denies each and every allegation of this paragraph.

131. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VI - Invalidity of the '257 Patent

132. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

133. Anvik admits the allegations of this paragraph.

134. Anvik admits the allegations of this paragraph.

135. Anvik denies each and every allegation of this paragraph.

136. Anvik denies each and every allegation of this paragraph.

137. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VII - Invalidity of the '236 Patent

138. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

139. Anvik admits the allegations of this paragraph.

140. Anvik admits the allegations of this paragraph.

141. Anvik denies each and every allegation of this paragraph.

142. Anvik denies each and every allegation of this paragraph.

143. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VIII - Invalidity of the '240 Patent

144. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

145. Anvik admits the allegations of this paragraph.

146. Anvik admits the allegations of this paragraph.

147. Anvik denies each and every allegation of this paragraph.

148. Anvik denies each and every allegation of this paragraph.

149. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count IX - Invalidity of the '606 Patent

150. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

151. Anvik admits the allegations of this paragraph.

152. Anvik admits the allegations of this paragraph.

153. Anvik denies each and every allegation of this paragraph.

154. Anvik denies each and every allegation of this paragraph.

155. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count X - Invalidity of the '986 Patent

156. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

157. Anvik admits the allegations of this paragraph.

158. Anvik admits the allegations of this paragraph.

159. Anvik denies each and every allegation of this paragraph.

160. Anvik denies each and every allegation of this paragraph.

161. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count XI - Unenforceability of the '257 Patent

162. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

163. Anvik lacks sufficient information to form an accurate belief as to the allegations of this paragraph and therefore denies the same, except Anvik admits that it has alleged that it owns the '257 patent, that the '257 patent is valid, and that the '257 patent is infringed by TAI.

164. Anvik denies each and every allegation of this paragraph.

165. Anvik admits that this paragraph accurately quotes from claim 1 of the '257 patent.

166. Anvik admits that this paragraph accurately quotes from the specification of the '257 patent and includes an accurate reproduction of Figure 3 of the '257 patent.

167. Anvik denies each and every allegation of this paragraph.

168. Anvik denies each and every allegation of this paragraph, except Anvik admits to the existence of an article entitled "Submicron 1:1 Optical Lithography."  Anvik also denies that the article "Submicron 1:1 Optical Lithography" was material to the prosecution of the '257 patent and that Dr. Jain or anyone else associated with the filing and/or prosecution of the application for the '257 patent made a decision not to disclose the article to the United States Patent and Trademark Office ("PTO") with an intent to deceive.

169. Anvik denies each and every allegation of this paragraph, except Anvik admits that Dr. Jain was aware of the existence of the article "Submicron 1:1 Optical Lithography" before filing the application for the '257 patent.  Anvik also denies that the article "Submicron 1:1 Optical Lithography" was material to the prosecution of the '257 patent and that Dr. Jain or anyone else associated with the filing and/or prosecution of the application for the '257 patent made a decision not to disclose the article to the PTO with an intent to deceive.

170. Anvik denies each and every allegation of this paragraph.

171. Anvik denies each and every allegation of this paragraph.

172. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count XII - Unenforceability of the '236 Patent

173. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

174. Anvik lacks sufficient information to form an accurate belief as to the allegations of this paragraph and therefore denies the same, except Anvik admits that it has alleged that it owns the '236 patent, that the '236 patent is valid, and that the '236 patent is infringed by TAI.

175. Anvik denies each and every allegation of this paragraph.

176. Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph accurately quotes from the specification of the '236 patent, albeit out of context.

177. Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph includes an accurate reproduction of Figure 1 of the '236 patent.

178. Anvik denies each and every allegation of this paragraph.

179. Anvik denies each and every allegation of this paragraph, except Anvik admits to the existence of U.S. Patent No. 3,819,265 ("the '265 patent") and that this paragraph includes an accurate reproduction of Figure 1 of the '265 patent.

180. Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph includes accurate reproductions of Figures 10 and 11 of the '265 patent.

181. Anvik denies each and every allegation of this paragraph. Anvik also denies that the '265 patent was material to the prosecution of the '236 patent and that Dr. Jain, Carl Kling, Esq., or anyone else associated with the filing and/or prosecution of the application for the '236 patent made a decision not to disclose the '265 patent to the PTO with an intent to deceive.

182. Anvik denies each and every allegation of this paragraph, except Anvik admits that Dr. Jain is the inventor of the '240 patent; Mr. Kling prosecuted the applications that resulted in '236 and '240 patents; the '240 patent was filed on October 27, 1992, and issued on March 1, 1994; the '236 patent was filed on September 30, 1992, and issued on February 8, 1994; and the primary examiner listed on each patent is different.

183. Anvik denies each and every allegation of this paragraph except admits that during the prosecution of the '240 patent, in September 1993, the examiner listed the Feldman '265 patent on Form PTO-892.

184. Anvik denies each and every allegation of this paragraph.

185. Anvik denies each and every allegation of this paragraph.

186. Anvik denies each and every allegation of this paragraph.

WHEREFORE, Anvik respectfully requests that the Court dismiss TAI's Counterclaims with prejudice.

## JURY DEMAND

Anvik requests a trial by jury on all issues related to TAI's Counterclaims.

Date: August 20, 2008                                             Respectfully submitted,

By: ___/s/ Joshua L. Raskin_____          By: __/s/ Chad Johnson_____
    Joshua L. Raskin                                                     Chad Johnson
    jraskin@wolfblock.com                                        chad@blbglaw.com
    Martin G. Raskin                                                     Jai Chandrasekhar
    mraskin@wolfblock.com                                      jai@blbglaw.com
    WOLFBLOCK LLP                                                    Adam Wierzbowski
    250 Park Avenue                                                      adam@blbglaw.com
    New York, NY 10177                                             BERNSTEIN LITOWITZ BERGER &
    Phone: (212) 986-1116                                              GROSSMANN LLP
    Fax: (212) 986-0604                                                 1285 Avenue of the Americas, 38th Floor
                                                                                         New York, NY 10019
                                                                                         Phone: (212) 554-1400
                                                                                         Fax: (212) 554-1444

**ATTORNEYS FOR PLAINTIFF ANVIK CORPORATION**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing will be served electronically through the CM/ECF system to the registered participants at the time of filing and that paper copies shall be served by first class mail postage prepaid on all counsel who are not served electronically on August 20, 2008.

                                                                                    /s/ Joshua L. Raskin