UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anvik Corporation,<br><br>                      Plaintiff,<br><br>             v.<br><br>IPS Alpha Technology, Ltd.,<br>Toshiba Corporation,<br>Toshiba America, Inc.,<br>Toshiba America Consumer Products, L.L.C.,<br>Matsushita Electric Industrial Co., Ltd.,<br>Panasonic Corporation of North America,<br>Hitachi, Ltd.,<br>Hitachi Displays, Ltd.,<br>Hitachi America, Ltd., and<br>Hitachi Electronic Devices USA, Inc.,<br><br>                Defendants-Counterclaimants. | Civil Action No.<br><br>08 CV 4036 (SCR) (LMS) |

## ANVIK'S REPLY TO TOSHIBA AMERICA CONSUMER PRODUCTS L.L.C.'S COUNTERCLAIMS

Plaintiff Anvik Corporation ("plaintiff" or "Anvik"), by and through its undersigned counsel, hereby replies to the Counterclaims of defendant Toshiba America Consumer Products L.L.C. ("TACP").  The numbered paragraphs in the following Reply to Counterclaims correspond to the paragraph numbers of TACP's Counterclaims.

## REPLY TO COUNTERCLAIMS

106.    There are no allegations contained in this paragraph that require either an admission or a denial.

107.    Anvik admits the allegations of this paragraph.

108.    Anvik admits the allegations of this paragraph.

109.  Anvik admits the allegations of this paragraph.

110.  Anvik denies each and every allegation of this paragraph, except Anvik admits that it filed a Complaint against TACP in this case on April 29, 2008, and that the Complaint included claims for patent infringement.

111.  Anvik denies each and every allegation of the first sentence of this paragraph except Anvik admits that, in its Complaint, Anvik asserted claims against TACP for infringement of U.S. Patent Nos. 4,924,257; 5,285,236; 5,291,240; 5,721,606 and 5,897,986. Anvik admits that venue is proper in this judicial district.

112.  Anvik denies each and every allegation of this paragraph, except Anvik admits that the Complaint includes five counts of patent infringement against TACP and that the block quotations included in this paragraph accurately quote from portions of paragraphs 9 and 40 of the Complaint.

113.  Anvik denies each and every allegation of this paragraph.

114.  Anvik denies each and every allegation of this paragraph.

115.  Anvik admits that Section 271(g) of U.S.C. title 35 contains the language quoted.

**Reply To Counterclaim Count I - Non-Infringement of the '257 Patent**

116.  Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

117.  Anvik denies each and every allegation of this paragraph.

118.  Anvik denies each and every allegation of this paragraph.

**Reply To Counterclaim Count II - Non-Infringement of the '236 Patent**

119.  Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

120.   Anvik denies each and every allegation of this paragraph.

121.   Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count III - Non-Infringement of the '240 Patent

122.   Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

123.   Anvik denies each and every allegation of this paragraph.

124.   Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count IV - Non-Infringement of the '606 Patent

125.   Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

126.   Anvik denies each and every allegation of this paragraph.

127.   Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count V - Non-Infringement of the '986 Patent

128.   Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

129.   Anvik denies each and every allegation of this paragraph.

130.   Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VI - Invalidity of the '257 Patent

131.   Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

132.   Anvik admits the allegations of this paragraph.

133.   Anvik admits the allegations of this paragraph.

134.   Anvik denies each and every allegation of this paragraph.

135.   Anvik denies each and every allegation of this paragraph.

136. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VII - Invalidity of the '236 Patent

137. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

138. Anvik admits the allegations of this paragraph.

139. Anvik admits the allegations of this paragraph.

140. Anvik denies each and every allegation of this paragraph.

141. Anvik denies each and every allegation of this paragraph.

142. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count VIII - Invalidity of the '240 Patent

143. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

144. Anvik admits the allegations of this paragraph.

145. Anvik admits the allegations of this paragraph.

146. Anvik denies each and every allegation of this paragraph.

147. Anvik denies each and every allegation of this paragraph.

148. Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count IX - Invalidity of the '606 Patent

149. Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

150. Anvik admits the allegations of this paragraph.

151. Anvik admits the allegations of this paragraph.

152. Anvik denies each and every allegation of this paragraph.

153. Anvik denies each and every allegation of this paragraph.

154.  Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count X - Invalidity of the '986 Patent

155.  Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

156.  Anvik admits the allegations of this paragraph.

157.  Anvik admits the allegations of this paragraph.

158.  Anvik denies each and every allegation of this paragraph.

159.  Anvik denies each and every allegation of this paragraph.

160.  Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count XI - Unenforceability of the '257 Patent

161.  Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

162.  Anvik lacks sufficient information to form an accurate belief as to the allegations of this paragraph and therefore denies the same, except Anvik admits that it has alleged that it owns the '257 patent, that the '257 patent is valid, and that the '257 patent is infringed by TACP.

163.  Anvik denies each and every allegation of this paragraph.

164.  Anvik admits that this paragraph accurately quotes from claim 1 of the '257 patent.

165.  Anvik admits that this paragraph accurately quotes from the specification of the '257 patent and includes an accurate reproduction of Figure 3 of the '257 patent.

166.  Anvik denies each and every allegation of this paragraph.

167.  Anvik denies each and every allegation of this paragraph, except Anvik admits to the existence of an article entitled "Submicron 1:1 Optical Lithography."  Anvik also denies that

the article "Submicron 1:1 Optical Lithography" was material to the prosecution of the '257 patent and that Dr. Jain or anyone else associated with the filing and/or prosecution of the application for the '257 patent made a decision not to disclose the article to the United States Patent and Trademark Office ("PTO") with an intent to deceive.

168.   Anvik denies each and every allegation of this paragraph, except Anvik admits that Dr. Jain was aware of the existence of the article "Submicron 1:1 Optical Lithography" before filing the application for the '257 patent. Anvik also denies that the article "Submicron 1:1 Optical Lithography" was material to the prosecution of the '257 patent and that Dr. Jain or anyone else associated with the filing and/or prosecution of the application for the '257 patent made a decision not to disclose the article to the PTO with an intent to deceive.

169.   Anvik denies each and every allegation of this paragraph.

170.   Anvik denies each and every allegation of this paragraph.

171.   Anvik denies each and every allegation of this paragraph.

### Reply To Counterclaim Count XII - Unenforceability of the '236 Patent

172.   Anvik refers to and incorporates herein its responses to the foregoing paragraphs.

173.   Anvik lacks sufficient information to form an accurate belief as to the allegations of this paragraph and therefore denies the same, except Anvik admits that it has alleged that it owns the '236 patent, that the '236 patent is valid, and that the '236 patent is infringed by TACP.

174.   Anvik denies each and every allegation of this paragraph.

175.   Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph accurately quotes from the specification of the '236 patent, albeit out of context.

176.    Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph includes an accurate reproduction of Figure 1 of the '236 patent.

177.    Anvik denies each and every allegation of this paragraph.

178.    Anvik denies each and every allegation of this paragraph, except Anvik admits to the existence of U.S. Patent No. 3,819,265 ("the '265 patent") and that this paragraph includes an accurate reproduction of Figure 1 of the '265 patent.

179.    Anvik denies each and every allegation of this paragraph, except Anvik admits that this paragraph includes accurate reproductions of Figures 10 and 11 of the '265 patent.

180.    Anvik denies each and every allegation of this paragraph.  Anvik also denies that the '265 patent was material to the prosecution of the '236 patent and that Dr. Jain, Carl Kling, Esq. or anyone else associated with the filing and/or prosecution of the application for the '236 patent made a decision not to disclose the '265 patent to the PTO with an intent to deceive.

181.    Anvik denies each and every allegation of this paragraph, except Anvik admits that Dr. Jain is the inventor of the '240 patent; Mr. Kling prosecuted the applications that resulted in the '236 and '240 patents; the '240 patent was filed on October 27, 1992 and issued on March 1, 1994; the '236 patent was filed on September 30, 1992, and issued on February 8, 1994; and the primary examiner listed on each patent is different.

182.    Anvik denies each and every allegation of this paragraph except admits that during the prosecution of the '240 patent, in September 1993, the examiner listed the Feldman '265 patent on Form PTO-892.

183.    Anvik denies each and every allegation of this paragraph.

184.    Anvik denies each and every allegation of this paragraph.

185.   Anvik denies each and every allegation of this paragraph.

WHEREFORE, Anvik respectfully requests that the Court dismiss TACP's Counterclaims with prejudice.

## JURY DEMAND

Anvik requests a trial by jury on all issues related to TACP's Counterclaims.

Date: August 20, 2008                                                      Respectfully submitted,

**By:** __/s/ Joshua L. Raskin_____                **By:** ___/s/ Chad Johnson_____
    Joshua L. Raskin                                           Chad Johnson
    jraskin@wolfblock.com                           chad@blbglaw.com
    Martin G. Raskin                                        Jai Chandrasekhar
    mraskin@wolfblock.com                           jai@blbglaw.com
    WOLFBLOCK LLP                                     Adam Wierzbowski
    250 Park Avenue                                        adam@blbglaw.com
    New York, NY 10177                           BERNSTEIN LITOWITZ BERGER &
    Phone: (212) 986-1116                             GROSSMANN LLP
    Fax: (212) 986-0604                                   1285 Avenue of the Americas, 38th Floor
                                                                   New York, NY 10019
                                                                   Phone: (212) 554-1400
                                                                   Fax: (212) 554-1444

**ATTORNEYS FOR PLAINTIFF ANVIK CORPORATION**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing will be served electronically through the CM/ECF system to the registered participants at the time of filing and that paper copies shall be served by first class mail postage prepaid on all counsel who are not served electronically on August 20, 2008.

                     /s/ Joshua L. Raskin_____